THE STATE *against* McGowan.

*Hartford,*
July, 1850.

The State
*v.*
McGowan.

20  245
63  331

Where an information charged the prisoner with burning a dwelling-house; and it appeared that the building burned was designed and built for a dwelling-house; was constructed like one; was not painted, though designed to be, and some of the glass in an outer door had not been put in; and it had not been occupied: it was held, that this was not a dwelling-house, in such a sense, that the burning of it would constitute the crime of arson.

But the law is otherwise, with regard to a dwelling-house, once inhabited as such, and from which the occupant is but temporarily absent.

In this case, it was the duty of the court, on the trial, to instruct the jury as to the law, and leave it to them to say, from the evidence, whether the building was a dwelling-house, within the meaning of the law thus explained.

THIS was an information for setting fire to and burning a dwelling-house. The prisoner pleaded *Not guilty;* on which issue the cause was tried, at *Hartford, January* term, 1850.

On the trial, it appeared, that the building burned was built by *Norman Warner*, and designed for a dwelling-house; was constructed in the usual manner of a dwelling-house, in all particulars; and was finished, except that it was not painted, as it was intended to be, and the glass was not set in the sash which had been placed in the upper half of one of the outer doors. The building stood by itself, and was not appurtenant to any other building; but it had not been occupied.

Upon these facts the prisoner's counsel claimed, and asked the court to instruct the jury, that the prisoner could not be convicted. The court did not so instruct the jury; but left the question whether the building was a dwelling-house, for their determination, as a matter of fact.

The jury found the prisoner *guilty;* and he thereupon moved for a new trial.

*Goodman* and *L. F. Robinson*, in support of the motion, contended, 1. That the enquiry whether the building burned was a dwelling-house, was a question of law only, and should not have been left to the determination of the jury, as a matter of fact, without a previous statement of its opinion upon the law. By the common law, courts are bound to instruct the jury on every question of law raised in the trial of a crim-

inal cause. *Rex* v. *Dean of St. Asaph*, 21 *How. St. Tri.*
1039. *United States* v. *Wilson, Bald. R.* 99. *United States*
v. *Battiste*, 2 *Sumn.* 240. 243. *Commonwealth* v. *Knapp*, 10
*Pick.* 478. 496. Our statute is explicit to the same effect.
*Stat.* 260. Here, there was no controversy about the facts;
the case turned wholly upon a matter of law.

2. That the court should have charged the jury directly,
that the building burned was not a house, in such a sense as
to be the subject of arson. A house, in this sense, must be a
dwelling-house. 2 *Stark. Ev.* 49. *Commonwealth* v. *Posey*,
4 *Call*, 109. But an unfinished, uninhabited building, al-
though intended for a dwelling-house, is not one within the
statute. 2 *Russ. Crimes*, 556, 7. *Rosc. Cr. Ev.* 249.
*Ellsmore* v. *St. Briavells*, 8 *B. & Cress.* 461. (15 *E. C. L.*
266.) *Thach. Cr. Ca.* 240.

*R. D. Hubbard*, (state's attorney) contra, contended, 1.
That the matter submitted to the jury, was properly submit-
ted as a *question of fact.* There is no rule of law from
which, in connection with the facts stated in the motion, the
court could deduce the conclusion, that the building was, or
was not, a dwelling-house; and therefore, the question was
one of fact. This position has been established in analogous
cases. See *Commonwealth* v. *Squire*, 1 *Metc.* 258.

2. That if otherwise, this building was a house, and a dwell-
ing-house. It was designed for a dwelling-house; was con-
structed like one; and was finished sufficiently to constitute
it one. Many people wait for opportunity and means to fin-
ish their dwelling-houses. Does the law therefore refuse to
protect them from incendiaries?

*Chapman*, on the same side, declined argument.

CHURCH, Ch. J. The statute of this state prescribes the
punishment of arson, but it does not define the crime. We
look to the common law for its definition.

Arson, by the common law, is the wilful and malicious
burning of the house of another. The word *house*, as here
understood, includes not merely the dwelling-house, but all
out-houses which are parcel thereof. 1 *Hale*, 570. 4 *Bla.*
*Com.* 221. 2 *Russ. on Crimes*, 551.

This information charges the accused with burning a dwelling-house, and the question in the case, is, whether the building, which was in fact burned by him, was a dwelling-house, within the meaning of the common law on this subject? That it was a dwelling-house, as distinguished from a building of any other kind, is certain.

*Hartford,*
*July 1850.*

The State
*v.*
McGowan.

The building is described to be one built and designed for a dwelling-house, constructed in the usual manner. It was designed to be painted, but was not yet finished, in that respect, and not quite all the glass were set in one of the outer doors. The building had never been occupied, and it was not parcel nor an appurtenant of any other.

We think this was not a dwelling-house in such a sense, as that, to burn it, constituted the crime of arson. In shape and purpose, it was a dwelling-house, but not in fact, because it had never been dwelt in—it had never been used, and was not contemplated *as then ready* for the habitation of man.

Arson, as understood at the common law, was a most aggravated felony, and of greater enormity than any other unlawful burning, because it manifested in the perpetrator, a greater recklessness and contempt of human life, than the burning of any other building, and in which no human being was presumed to be. Such seems to be the spirit of the *English* cases on this subject, and especially the late case of *Elsmore* v. *The Hundred of St. Briavells*, 8 B. & C. 461. (15 *E. C. L.* 266.) 2 *Russ. on Crimes*, 556. In that case, *Bayley,* J. in speaking of the building therein described, says, " It appeared to have been built for the purpose of being used as a dwelling-house, but it was in an unfinished state, and never was inhabited. There cannot be a doubt, that the building in this case, was not a house in respect of which burglary or arson could be committed. It was a house intended for residence, though it was not inhabited. It was not therefore a dwelling-house, though it was intended to be one."

A dwelling-house once inhabited, as such, and from which the occupant is but temporarily absent, would not fall within the foregoing principle.

It may not be necessary to determine another question, made in this case—whether it appertained to the court or the jury to determine the character of the building? But we

*Hartford,*
*July, 1850.*

The State
*v.*
McGowan.

think it was the duty of the court to have instructed the jury as to the law of the matter, and leave it to them to say from the proof, whether the building was a *house*, within the meaning of the law thus explained.

The considerations we have now expressed, induce us to grant a new trial of this cause.

In this opinion the other Judges concurred.

New trial to be granted.