HENRY HICKS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. One who wilfully and maliciously burns the dwelling-house of another is guilty of a penal offence under section 2426 Revised Statutes.

2. Upon the trial of an information found under section 2426 Revised Statutes, charging the accused with wilfully and maliciously burning the dwelling-house of a person therein named, it is error for the court to charge that the jury should convict the accused if it has been proven to their satisfaction beyond a reasonable doubt that the accused within two years prior to the filing of the information, in the county alleged, wilfully and maliciously set fire to and burned a structure; that said structure was a dwelling-house, and that said dwelling-house was the property of the person alleged in the information. In such a case it is not sufficient to prove that the party alleged in the indictment owned the building, and that the building was the dwelling-house of some other person, but it must be shown

that the building is the dwelling-house or residence of the party alleged.

3. Evidence examined and found insufficient to support the verdict.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*T. A. and B. B. MacDonell, M. C. Jordan and John Wallace* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

In June, 1900, the plaintiff in error was tried in the Criminal Court of Record of Duval county, and found guilty as charged, upon an information alleging that he, on May 9, 1900, in Duval county, Florida, "did then and there wilfully and maliciously set fire to and burn a building there situate, to-wit: the dwelling-house of one Wesley Hearn, contrary to the form of the statute," etc., and sentenced to confinement in the State prison at hard labor for life.

I. Defendant moved in arrest of judgment upon the ground that the section of the Revised Statutes upon which the information is based does not support it; that the statute does not make the wilful and malicious burning of the dwelling-house of another a penal offence. The ruling denying this motion is assigned as error.

Section 2426 Revised Statutes reads as follows: "Burning dwelling-house. Whoever wilfully and malic-

iously burns the dwelling-house or any building adjoining such dwelling-house, or wilfully and maliciously sets fire to any building by the burning whereof such dwelling-house is burnt, shall be punished by imprisonment in the State prison for life or for such term as the court may direct." It is argued that as the statute does not employ the words "dwelling-house *of another*" or "*any* dwelling-house," but merely "*the* dwelling-house," the court is not justified in construing it so as to include the dwelling-house of another person. The words used, "the dwelling-house," are clearly broad enough to include dwelling-houses of persons other than the accused, and they were evidently employed to distinguish between the character of the buildings the wilful and malicious burnings of which are so severely punished by this section, and other buildings the wilful and malicious burnings of which are punished by lighter penalties under the sections of the Revised Statutes immediately following said section 2426. It may be that a person cannot be punished under this section for burning his own dwelling-house and that for such burning he can be punished only when the facts bring the case within section 2431 Revised Statutes, but that question is not involved in this case and will not now be decided. But it is evidently intended by the section quoted to punish one who wilfully and maliciously burns the dwelling-house of another, and the language used is sufficiently definite and comprehensive to include such offence. The motion to arrest upon the ground stated was properly overruled.

II. The following instruction given by the court was excepted to: "You must be satisfied beyond a reasonable doubt that there was a structure set fire to and burned; that that structure was wilfully and maliciously set fire to and burnt by the defendant; that said struc-

ture was a dwelling-house and that the said dwelling-house was the property of one Wesley Hearn; that the setting fire to and burning of the said dwelling-house occurred within two years prior to June 12th, 1900, and was situate in Duval county, Florida, and if the state has proven these material elements of this crime to your satisfaction and beyond a reasonable doubt you should convict the defendant." The information charged that the building burned was "the dwelling-house of one Wesley Hearn." The offence denounced by the section of the Revised Statutes under which the information was drawn, is a crime against the habitation, and the wrongful act toward Hearn in respect of his habitation is of the essence of the crime charged in the information. The offence charged in this information would not be made out by proof that the building was erected or designed for a dwelling-house and was the property of Wesley Hearn, or that it was the actual dwelling-house of some other person, but owned by Hearn. It must have been proven that the building was the dwelling-house of Hearn. This is the meaning of the statute and the plain language of the information. The instruction complained of proceeds upon the theory that to convict the defendant it was only necessary to show that a structure was wilfully and maliciously set fire to and burned; that such structure was a dwelling-house, and that the dwelling-house was the property of Hearn. It was, therefore, erroneous. The Queen v. Allison, 1 Cox C. C. 24; Commonwealth v. Barney, 10 Cush. 478; Commonwealth v. Hayden, 150 Mass. 332, 23 N. E. Rep. 51; People v. Handley, 93 Mich. 46, 52 N. W. Rep. 1032; State v. Toole, 29 Conn. 342, S. C. 76 Am. Dec. 602; Hooker v. Commonwealth, 13 Gratt. 763; State v. Atkinson, 88 Wis. 1, 58 N. W. Rep. 1034.

III. By defendant's motion for a new trial, which the court overruled, it was claimed that the verdict was contrary to the law and the evidence, and that the court erred in giving the instruction which we have quoted. The ruling upon the motion was duly excepted to and is assigned as error. This motion should have been granted, because the State failed to prove a material allegation of the information which under the statute is a necessary ingredient of the crime charged, *viz*: that the building burned was the dwelling-house of Wesley Hearn and because the instruction complained of was erroneous. It was not shown that Hearn was occupying the building as a dwelling-house at the time of the fire, or that he had ever occupied it as such. While it was shown that he owned the building, it was not shown to have been his dwelling-house as alleged. The jury no doubt founded their verdict upon the erroneous instruction but it was clearly against the law and the evidence.

Other errors are assigned which it is deemed unnecessary to consider.

The judgment is reversed and a new trial awarded.