# Davis *v*. The State

## *Arson.*

(Decided Nov. 28, 1907. 44 So. Rep. 1018.)

*Arson; Character of Property; Dwelling House.*—A structure intended for a dwelling house when completed, but which was not completed and has never been occupied, is not a dwelling house within the meaning of the statute punishing arson in the second degree. —Section 4337, Code 18996.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Alex Davis was convicted of arson and he appeals. Reversed and rendered.

[Davis v. The State.]

H. L. MARTIN, for appellant. Under the facts in this case the defendant should not have been convicted.—2 A. & E. Ency. of Law, p. 926 and notes.

ALEXANDER M. GARBER, Attorney General, for the State. The evidence showed the construction of the building to be so far advanced as to make it ready for habitation or use.—3 Cyc. 990, and note 53.

SIMPSON, J.—The indictment in this case charged that the defendant "set fire or burned an uninhabited dwelling house of Wm. Wright, in which at the time there was no human being." The evidence shows that the structure which was burned was not completed; that it was being built in a pasture; that it was intended for a dwelling house, when completed, but had never been occupied; that it consisted of "one main big room, with a piazza in front and a shed room on the rear; that the piazza and about half way up the rafters on the front part of the big room was covered, that the balance of the main big room was not covered; that there were window openings and door openings to said building, but that the doors and windows had not been put in; that there was a chimney opening, but that the chimney had not been commenced; that they commenced to cover the house on the same Saturday evening that the house was burned—that same Saturday night; that no one had ever lived in or occupied said house."

Such a structure is not a dwelling house, within the meaning of the statute. Consequently the defendant could not be convicted under said indictment. The general charge, requested by the defendant, should have been given.—3 Cyc. 987, and notes; 2 Am. & Eng. Ency. Law (2d Ed.) pp. 926, 927, and notes; *Henderson v.*

4 R

*State,* 105 Ala. 82, 16 South. 931; *People v. Handley,* 93 Mich. 46, 52 N. W. 1032; *State v. McGowan,* 20 Conn. 245, 52 Am. Dec. 336. The judgment of the court is reversed, and a judgment will be here rendered discharging the appellant.

Reversed and rendered.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.