GEORGE COX AND WALKER BRYANT, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 1, 1924.

This case was decided by Division B.

1. To sustain a conviction upon a charge of wilfully and maliciously burning a dwelling house (§5106, Rev. Gen. Stats.) the evidence must show that the building burned was the dwelling or residence of the party alleged.

2. Where the matter to be proved is simply the fact that a contract has been made, as distinct from its terms or provisions, the best evidence rule does not apply and parol evidence is admissible.

A Writ of Error to the Circuit Court for DeSoto County, George W. Whitehurst, Judge.

Reversed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—The charge upon which plaintiffs in error were tried and convicted was the wilful and malicious burning of the dwelling house of another. Sec. 5106, Rev. Gen. Stats. To review the judgment imposing sentence upon them writs of error were taken.

Reliance for reversal is placed primarily upon assignments challenging the sufficiency of the evidence to sustain the verdict.

There is evidence tending to prove that the building burned was not at the time of its destruction the dwelling house of the alleged owner and occupant for the reason that he and his family had previously vacated it with no intention to return and occupy it as a dwelling house and that at the time of its destruction by fire it was vacant. 3 Cyc. 987; 5 C. H. 546; Smith v. State, 80 Fla. 315, 85 South. Rep. 911; Hicks v. State, 43 Fla. 171, 29 South. Rep. 631. In corroboration of the evidence of the alleged owner's intention to abandon the dwelling as a residence testimony was offered to the effect that he was negotiating with another to sell the property and that a verbal agreement of sale of the property had been made. Objections to this testimony, on the ground that transfers of real estate could not be proved by parol evidence, were sustained and the evidence excluded. Rulings excluding this evidence were errors. The matter attempted to be proved was the fact that an agreement to sell the property had been made. The terms or provisions of the contract were not involved. In such a case the "best evidence" rule is not applicable. The fact of the agreement as distinct

from its terms may be proved by parol evidence. 22 C. J. 987; Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Camp v. State, 58 Fla. 12, 50 South. Rep. 537; Seyman v. State, 66 Fla. 133, 63 South. Rep. 7. The excluded evidence being material and the rulings excluding it being error, and this being a vital point in the case, it can not be said that the erroneous rulings were not harmful.

Discussion of other assignments of error is not considered necessary.

For the error indicated the judgment is reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.