Terrell, C. J.
 

 Plaintiff in error was tried and convicted in the Criminal Court of Record of Polk County on an information charging that he “did unlawfully, wilfully, and feloniously set fire to and burn a building constructed for use as a dwelling, but not in actual use as a dwelling, owned by Early J. Williams and Mandy B. Williams on North Ohio Avenue in the city of Lakeland, Polk County, Florida.” Motion for new trial was denied, a sentence of two years in the state penitentiary was imposed and writ of error was taken to the judgment.
 

 The information on which plaintiff in error was convicted was cast under Section Two of Chapter 11812, Acts of 1927 (Section 7209, Comp. Gen. Laws of 1927) which is as follows:
 

 “Any person who willfully or maliciously sets fire to or burns or causes to be burned, or who aids, counsels, or procures the burning of any barn, stable, or other building, the property of himself or of another not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill, or other building, the property of himself or of another; or any church, meeting house, court house, work house, school, jail, and other public building or any public bridge; shall upon conviction thereof, be sentenced to the penitentiary not more than ten years. ’ ’
 

 
 *1056
 
 Plaintiff in error challenges the constitutional validity of Chapter 11812, Acts of 1927, the purpose of which was to enlarge the scope of the crime of arson and to repeal Sections 5106, 5107, 5109, 5110, 5111, and 5114 of the Rev. Gen. Stats, of 1920. At common law arson was the willful and malicious burning of the dwelling house of another. It also included any building or out-house within the curtilage of the dwelling house appurtenant thereto. It was an offense against the security of the habitation and had reference to the possession rather than the property. For this reason, it was a felony of great enormity and was punishable by death. Statutes in many states have materially changed the common law definition of arson and apply it to the burning of all species of real and personal property. Such statutes are designed for the protection of the property as well as the security of the habitation. In the absence of statute defining and punishing arson, the common law definition will be relied on. State v. McGowan, 20 Conn. 245, 52 Am. Dec. 336. An incomplete or unfinished structure which has never been occupied for that purpose is not a dwelling house in the common law acceptation of the crime of arson. State v. McGowan,
 
 supra;
 
 State v. Young, 139 Ala. 136, 36 So. R. 19, 81 Am. Dec. 67, note, 101 A. S. R. 27, note, 15 Ann. Cas. 547, note. See also Davis v. State, 153 Ala. 48, 44 So. R. 1018, 127 A. S. R. 17, 15 Ann. Cas. 547 and note. This Court has held that occupation is an essential element of the common law crime of arson. Hicks v. State, 43 Fla. 171, 29 So. R. 631; Cox v. State, 87 Fla. 79, 99 So. R. 126.
 

 Now; in the light of this discussion let us examine the statute brought in question. Its title is as follows:
 

 “AN ACT to Define and Punish Arson, and to Repeal Sections 5106, 5107, 5109, 5110, 5111, and 5114
 
 *1057
 
 of the Revised General Statutes of the State of Florida Relating Thereto.”
 

 In Section One arson and its punishment is extended to the act of burning one’s own dwelling house but otherwise the scope of the crime as understood at common law which is the law of this state, is not extended nor is it mentioned in the body of the act. With the exception of Section One and Section Six every section of the act defines and punishes a crime other than arson as known to the common law, yet we will search in vain for any provision making any of these crimes arson or punishable as such. Section Six attempts to repeal all laws now in effect relating to these crimes.
 

 We do not decide whether all the crimes condemned in Sections Two, Three, Four, and Five of Chapter 11812, Acts of 1927, may be defined and punished as arson; similar acts in other jurisdictions when properly constructed have been held good but as to the act under review there was no effort to extend the common law rule to these crimes. The title and body of the act except as to Section One were inconsistent and deceptive, dealt with a different subject matter which was not properly connected, and was, therefore repugnant to Section Sixteen of Article Three of the Constitution.
 

 It follows that Section One of Chapter 11812, Acts of 1927, is embraced within the title thereof and is good against the assault made on it but that Sections Two, Three, Four, Five, and Six which deal with new subject matter are bad and must fall for the reasons herein stated. The information on which defendant was convicted was predicated on Section Two of Chapter 11812, Acts of 1927, and there being no other provision of law on which it can be supported it must also fall. The motion to quash should
 
 *1058
 
 have been, granted. Ex Parte Norman A. Winn decided May 20, 1930.
 

 Reversed.
 

 Wi-iitfield, Strum and Brown, J. J., concur.
 

 Ellis and Buford, J. J., dissent.