62 So.2d 5 (1952)
HENDERSON, Sheriff, et al.
v.
ANTONACCI et al.
Supreme Court of Florida, en Banc.
December 19, 1952.
*6 Hunt, Salley & Roman, Miami, Richard W. Ervin, Atty. Gen., Mallory H. Horton, Glenn C. Mincer, Miami, for appellants.
Louis, Shandelman & Wright, Charles R. Morgan and Paul A. Louis, Miami, for appellee Paul Antonacci.
Ginsberg & Pelle, Miami, for appellee Nash Miami Motors, Inc.
HOBSON, Justice.
This is a case which was brought in the court below by the appellees, who are used car dealers in the City of Miami, against the appellants herein, who are the Sheriff of Dade County, the States Attorney for Dade County and the Attorney General of Florida. The question raised by the pleadings is whether Sections 855.01 and 855.02, F.S.A. as amended by the laws *7 of Florida, Acts of 1951, are constitutional. These sections of our statute are commonly referred to as "Blue Laws" or "Sunday Closing Laws."
In their complaint filed in the court below appellees allege that they were threatened with arrest for a violation of the aforesaid statutes, as amended, by operating used car lots on Sunday. They sought an injunction against appellants restraining them, and each of them, temporarily and, upon final hearing, permanently from enforcing said statutes against appellees. They also prayed for a declaratory judgment "determining whether amended Sections 855.01 and 855.02 * * are invalid or unconstitutional, and determining the rights of the plaintiff under the said statute." (Italics supplied.)
It was and is the contention of appellees that Sections 855.01 and 855.02 F.S.A. as amended by Laws of Florida, 1951, are unconstitutional as applied to them for the following reasons:
"(1) The statute creates a purely arbitrary classification not based upon some natural, intrinsic or constitutional distinction between the enterprizes (sic) prohibited from opening on Sunday and those permitted to operate on that day.
"(2) The classification and discrimination provided for in the statute is not founded upon any reasonable distinction and does not have any reasonable relation to the public peace, welfare, and safety, of the Citizens of the State of Florida and therefor (sic) not within the scope of the Police Power of the state.
"(3) The statute in question is discriminatory in that it is not uniform in its operation upon the classes to which it applies.
"(4) The statute is so indefinite that it is impossible to determine from a reading thereof which specific businesses are prohibited from opening on Sunday and which businesses are excepted from the prohibition.
"(5) The statute, because of indefiniteness, constitutes an unlawful delegation of legislative power to law enforcement officers."
The Chancellor in his final decree determined the aforementioned statutes to be unconstitutional and enjoined appellants from any attempt to enforce the provisions thereof against the appellees. However, he went a step further, and we believe, exceeded his authority, and determined that Sections 855.01 and 855.02 F.S.A. as they existed prior to their amendment in 1951 were, and are, unconstitutional.
As has been pointed out hereinabove, the appellees did not seek the determination of the question whether Sections 855.01 and 855.02 Florida Statutes 1949, F.S.A., are unconstitutional even in their prayer for a declaratory judgment. It is true that the relief which the appellees obviously wanted but for which they did not lay a proper predicate could not be granted them solely upon a determination that Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, are unconstitutional because if they be unconstitutional the sections of the statute as they existed before the 1951 amendments would by operation of law become effective unless they too should in an appropriate action be declared unconstitutional. State ex rel. Willie v. Barnes, 22 Fla. 8; Sawyer v. State, 100 Fla. 1603, 132 So. 188; Messer v. Jackson, 126 Fla. 678, 171 So. 660. However, the question of the constitutionality of these sections was not presented to the Court and, therefore, should not have been decided by it. It is a fundamental rule that questions which are not presented to the Court and which do not necessarily inhere in those questions which are presented cannot be decided by the Court. Pensacola & Georgia R.R. Co. v. Spratt, 12 Fla. 26, 91 Am.Dec. 747; Briles v. Bradford, 54 Fla. 501, 44 So. 937; Vance v. Bliss Properties, Inc., 109 Fla. 388, 149 So. 370. There are many sound reasons behind this rule. Not the least of such reasons is the fact that gratuitous rulings by a court are ofttimes precipitate, ill-considered and, except for the fact that they cannot constitute predicates for res adjudicata, estoppel by judgment or conceivably even stare *8 decisis, would tend to establish unsound precedents. Certainly such rulings lend themselves more directly to confusion than to stability in the law.
It is a well established principle that the courts will not declare an act of the legislature unconstitutional unless its constitutionality is challenged directly by one who demonstrates that he is, or assuredly will be, affected adversely by it. Nor will they declare any provision of an act unconstitutional at the behest of a party whose rights or duties are not affected by it unless the provision is of such character that it renders invalid a provision of the statute which does affect such party's rights or duties. Gill v. Wilder, 95 Fla. 901, 116 So. 870; Gherna v. State, 16 Ariz. 344, 146 P. 494; Hammer v. State, 173 Ind. 199, 89 N.E. 850, 24 L.R.A.,N.S., 795, 140 Am.St.Rep. 248, 21 Ann.Cas. 1034; Stinson v. State, 63 Fla. 42, 58 So. 722. Courts should not voluntarily pass upon constitutional questions which are not raised by the pleadings. Appellees in this case are charged with knowledge of the law and should have known (certainly their counsel should have known) the mere fact that Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, might be unconstitutional would not entitle them to a permanent injunction against appellants restraining them from arresting appellees unless they should also allege and successfully demonstrate the unconstitutionality of the original Sections 855.01 and 855.02, F.S.A. They should have asserted the unconstitutionality of said original sections of our statute and the Chancellor was not justified in determining the question of the constitutionality of said sections and entering a permanent injunction.
We shall now discuss and determine the only question which was before the lower court i.e. whether Sections 855.01 and 855.02 F.S.A., as amended by Laws of Florida 1951, are constitutional legislative enactments.
These Sections as amended cannot be upheld upon any religious principle, tenet or belief although it be founded upon the Biblical admonition to "Remember the Sabbath Day to keep it holy," because of our constitutional provisions requiring the complete separation of church and state. Section 5, Florida Declaration of Rights, F.S.A. and Amendment 1 to Federal Constitution. The constitutionality of these laws must be determined upon a consideration of the query whether each or either was justified as an exercise of the police power which inheres in the state. It is clear that this question must be resolved by application of the civil law without regard to religious precepts, tenets or beliefs except insofar as they furnish a guide for good public morals or health. Hennington v. Georgia, 163 U.S. 299, 16 S.Ct. 1086, 41 L.Ed. 166; Brunswick-Balke-Collander Co. v. Evans, D.C., 228 F. 991; Soon Hing v. Crowley, 113 U.S. 703, 5 S.Ct. 730, 28 L.Ed. 1145. See also concurring opinion prepared by Mr. Justice Brown in Gillooley v. Vaughn, 92 Fla. 943, 110 So. 653, in which he quoted with approval from the last cited case. Laws similar to these have been upheld as a general rule not, as aforesaid, because of any right of the government to promote religious observances by legislative enactment but only as an exercise of the police power in the protection of all citizens from the physical, as well as moral, degradation which might result from continuous labor.
Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, exempt from their operation the preparation, printing, circulation and sale of newspapers, and the operation of moving picture theaters, filling stations, restaurants, tourist attractions and concessions operated at the place of and in connection therewith, outlying grocery stores, hotels, drug stores, parking lots, transportation companies or facilities and public utilities.
Appellants contend that appellees cannot complain that Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, are unconstitutional because they have failed to show any discrimination among the members of the class to which appellees belong.
It may be said that the closing of all business houses on Sunday, except in *9 cases of emergency, bears a rational and reasonable relationship to the public health, safety, morals or general welfare because thereby protection is afforded all citizens from the evils attendant upon uninterrupted labor. Nevertheless, it does not follow that laws containing the exemption of many businesses and vocations, such as the legislative enactments now under consideration, can be said to bear such relationship to the public health, safety, morals or general welfare as to declare them to be valid general laws (although they may be general laws in the sense that they are effective in each and every county of the State) simply because they operate equally upon all within a certain class or classes. It is necessary that there be a valid and substantial reason to make such laws operate only upon certain classes rather than generally upon all. State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859; Mayo v. Polk Co., 124 Fla. 534, 169 So. 41, appeal dismissed Polk Co. v. Mayo, 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376; Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638; Ex parte Jentzsch, 112 Cal. 468, 44 P. 803, 32 L.R.A. 664; City of Denver v. Bach, 26 Colo. 530, 58 P. 1089, 46 L.R.A. 848.
It is not suggested that the parties who work on used car lots need protection from being cajoled into uninterrupted labor more than do citizens who are engaged in any of the exempt businesses or vocations. We can think of no reason, and none has been suggested to us, why the health, safety, morals or general welfare of our citizens would be safeguarded to any greater degree by requiring used car dealers to close their places of business on Sunday than such rights or guaranties would be safeguarded were such persons allowed to do business on the Sabbath along with proprietors of tourist attractions. Nor is it clear to us that any reasonable basis exists for exempting parking lots and filling stations from the operation of these so-called "Sunday Closing Laws" and not exempting garages. Such distinctions appear to be nebulous, wholly arbitrary and are made without a reasonable basis for upholding them as a valid exercise of the police power. Indeed, each of these distinctions fits into the category of a "distinction without a difference."
It is our conclusion that the Chancellor was eminently correct in holding Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, unconstitutional. However, since we have concluded that the question of the constitutionality of Sections 855.01 and 855.02, F.S.A. as they existed prior to the amendments thereof by the Laws of Florida 1951, was not a proper subject matter for consideration by the lower Court, we are forced to reverse the final decree with directions that the Chancellor modify said decree in such manner as to restrain the appellants only from enforcing the provisions of Sections 855.01 and 855.02, F.S.A. as amended by Laws of Florida 1951, against the appellees.
Reversed with directions.
SEBRING, C.J., and TERRELL, ROBERTS and MATHEWS, JJ., concur.
DREW, J., concurs specially.
THOMAS, J., heard the argument but did not participate in the judgment.
DREW, Justice (concurring).
I agree that Sections 855.01 and 855.02, Florida Statutes 1951, F.S.A., are, for the reasons advanced in the opinion of Mr. Justice Hobson, unconstitutional. I also agree that the Chancellor below exceeded his authority when he went beyond the scope of the pleadings and held that said Sections as they existed prior to the 1951 amendments were unconstitutional. The Special Master's very thorough and exhaustive report in the lower court pointed out the fact that he made no ruling "upon the question of what effect the constitutionality of the 1951 law will have upon prior laws, inasmuch as the pleadings contain no special prayer for such a ruling."
There is another and cogent reason why the statutes under consideration are unconstitutional. The statutes are penal in that they create an offense and provide a penalty for its violation, but I cannot find in the statute any ascertainable standard *10 of guilt. The rule is that a statute of this kind which is so vague that men of common intelligence must guess as to its meaning or differ as to its application violates the due process clause under Paragraph 1 of the 14th Amendment to the Constitution of the United States and Paragraph 12 of the Declaration of Rights of the Florida Constitution. 12 Am.Jur. 282, par. 585; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840.
In Winters v. New York, supra, the Supreme Court of the United States held that the vagueness in an Act which will render it unconstitutional may be with reference to the persons within the scope of the Act as well as in regard to the applicable tests, to ascertain guilt. This Court, in Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, 103, said, in speaking of a statute attacked on similar grounds:
"The infirmity in the statute is that it is too vague, indefinite and uncertain to constitute notice of the crime or crimes or unlawful acts which it purports to prohibit. The statute prescribes no ascertainable standard of guilt. Under the provisions of this Act an officer or employee is just as amenable to prosecution for an act done in good faith, when that act is not specifically authorized by law, as he would be for the commission of an act done with evil intent and wilfully done in violation of law. So the determination of a standard of guilt is left to be supplied by courts or juries. This is an unconstitutional delegation of legislative power." (Emphasis supplied.)
The statute exempts from its operation "businesses or concerns such as * * * tourist attractions, and concessions operated at the place of and in connection therewith, outlying grocery stores * * * drug stores * * *." (Emphasis supplied.) These descriptions of businesses excepted from the operation of the Act are so vague, inadequate and uncertain that no person, including the appellees, could be sure whether he was lawfully conducting one of the purported excepted businesses or not. Certainly, men of common intelligence would have to guess at what an "outlying grocery store" was and, in this day and age, a "Drug Store" could mean anything from a place where drugs alone are sold to one where anything from an aspirin tablet to an automobile could be purchased.
We are familiar with the rule that only those whose rights are affected by a statute may attack its constitutionality. The statute under consideration, being a penal statute (See 11 Am.Jur. page 860), must be strictly construed and we hold the plaintiff below had such an interest as to bring them within the above rule.