95 So.2d 260 (1957)
Archie KELLY, Appellant,
v.
Ed. BLACKBURN, Jr., as Sheriff of Hillsborough County, Florida, and Clarence E. Prevatt, as Constable of District One, Hillsborough County, Florida, Appellees.
Supreme Court of Florida, Special Division B.
May 15, 1957.
Rehearing Denied June 20, 1957.
*261 Tom J. Johnson, Jr., Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellees.
DREW, Justice.
This is an appeal from an order of the trial court discharging a writ of habeas corpus and remanding the petitioner in the lower court (the appellant here) to the custody of the sheriff.
The question involved in this case is the constitutionality of the so-called Blue Laws or Sunday Closing Laws. Chapter 855 Florida Statutes 1955, F.S.A. The question raised and which we must determine is whether Sections 855.01 and 855.02, Florida Statutes 1955, F.S.A. are constitutional.
Appellant was arrested upon a warrant charging that he violated both sections of the aforementioned statutes by conducting a used car business on Sunday, October 14, 1956 and on said day selling a 1950 Ford automobile.
In the case of Henderson v. Antonacci, Fla. 1952, 62 So.2d 5, we had occasion to deal with the then Sections 855.01 and 855.02 as amended in 1951 which exempted from their operation certain types of businesses. In the disposition of the appeal in that case we concluded that the chancellor below was correct in holding Sections 855.01 and 855.02, Florida Statutes, F.S.A. as so amended unconstitutional for the reasons which we pointed out in that opinion. We further concluded, however, that the question of the constitutionality of said sections as they existed prior to the amendments thereof by the 1951 laws was not a proper subject matter for consideration by the lower court and reversed the final decree with directions that the chancellor modify said decree in such manner as to restrain the appellants in that case only from enforcing the provisions of said Sections 855.01 and 855.02 as so amended.
Following this decision the legislature amended Sections 855.01 and 855.02 by Chapter 29615, Sections 30 and 31, Laws of Florida 1955, which appear as the current law in Sections 855.01 and 855.02 Florida Statutes 1955, F.S.A.:
"855.01 Following trade, etc., on Sunday.  Whoever follows any pursuit, business or trade on Sunday, either by manual labor or with animal or mechanical power, unless the same be work of necessity, shall be punished by a fine not exceeding fifty dollars; provided, however, that nothing contained in the laws of Florida shall be so construed as to prohibit the preparation or printing between the hours of midnight Saturday and six in the morning, Sunday, of any newspaper intended to be circulated and sold on Sunday, or to prohibit the circulation and sale on Sunday of same, or to prohibit the circulation and sale on Sunday of any newspaper theretofore printed; provided nothing contained in this section shall apply to theaters in which moving pictures are shown.
"855.02 Selling goods on Sunday.  Whoever keeps open store or disposes of any wares, merchandise, goods or chattels on Sunday, or sells or barters the same, shall be punished by a fine not exceeding fifty dollars. In cases of emergency or necessity, however, merchants, shopkeepers and others may dispose of the comforts and necessaries of life to customers without keeping open doors."
The question now squarely presented is the constitutionality of these statutes as now existing.
The only difference in the statute as it existed at the time of the opinion in Henderson *262 v. Antonacci, supra, and as it exists today is that fewer businesses are excluded from its operation under the present statutes. Basically the law is the same and the constitutional infirmities pointed out in Henderson v. Antonacci, supra, are present in the existing statute.
We, therefore, hold without a further elaboration upon the views expressed in the aforementioned case that the following language in that case is decisive of the question before us:
"It may be said that the closing of all business houses on Sunday, except in cases of emergency, bears a rational and reasonable relationship to the public health, safety, morals or general welfare because thereby protection is afforded all citizens from the evils attendant upon uninterrupted labor. Nevertheless, it does not follow that laws containing the exemption of many businesses and vocations, such as the legislative enactments now under consideration, can be said to bear such relationship to the public health, safety, morals or general welfare as to declare them to be valid general laws (although they may be general laws in the sense that they are effective in each and every county of the State) simply because they operate equally upon all within a certain class or classes. It is necessary that there be a valid and substantial reason to make such laws operate only upon certain classes rather than generally upon all. State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859; Mayo v. Polk Co., 124 Fla. 534, 169 So. 41, appeal dismissed Polk Co. v. Mayo, 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376; Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638; Ex parte Jentzsch, 112 Cal. 468, 44 P. 803, 32 L.R.A. 664; City of Denver v. Bach, 26 Colo. 530, 58 P. 1089, 46 L.R.A. 848."
Holding as we do that said Sections 855.01 and 855.02 are unconstitutional the order appealed from must be and is reversed with directions to discharge the petitioner.
TERRELL, C.J., and HOBSON and THORNAL, JJ., concur.