104 So.2d 19 (1958)
STATE ex rel. H.A. WALTERS, Petitioner,
v.
Ed BLACKBURN, Jr., as Sheriff of Hillsborough County, Florida, Respondent.
Supreme Court of Florida.
June 18, 1958.
J. Danforth Browne and Macfarlane, Ferguson, Allison & Kelly, Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., and David U. Tumin, and Edward S. Jaffry, Asst. Attys. Gen., for respondent.
THOMAS, Justice.
Upon the petition of the relator a writ of habeas corpus issued from this court directed to the respondent, Sheriff of Hillsborough County, Florida, commanding him to produce the relator and to file a return to the writ. In response the sheriff reported that he held the relator by virtue of a warrant of the County Judge's Court of Suwannee County charging him, as "agent of the owner of the Super Test Filling Station" located at the corner of Houston and Howard Streets in Live Oak, with having caused to be displayed within 15 feet of the right-of-way of Houston Street a sign, placard or other advertisement giving notice of the price of gasoline offered for sale at the station. Although by the petition and return there is brought to us for decision the constitutionality of only that part of Sec. 526.111, Florida Statutes 1957, and F.S.A., relating to the placement of such signs, we will, because of the argument presented by the Attorney General on behalf of the respondent, refer to the preceding provisions of the statute.
In the act the legislature undertook to make it unlawful to display a sign advertising the retail price of gasoline unless the numerals on it indicating fractions are at least half the size of the whole number to which they relate, and the amount of the tax is included. No such sign, even though its composition complies with the law, can be maintained within fifteen feet of the right-of-way of any public street, road or highway.
In the return it is asserted that the police power is by the law properly exercised to prevent fraud and that, as the statute has a rational relation to the safety, health, morals or general welfare of the public, it cannot be considered oppressive, arbitrary or unreasonable, hence a violation of the rights guaranteed relator under Secs. 1 or *20 12 of the Declaration of Rights of the Constitution of Florida, F.S.A.
Following the course set by the warrant itself we think the first assertion, relative to fraud, need not be considered because the petitioner is charged only with display of a sign within the distance defined and not with maintaining one that was deceiving or misleading. The effect, only, upon safety by the exhibit of such signs, advertising the retail price of gasoline, within the proscribed distance deserves our consideration.
The validity of this regulation of the use of petitioner's property must depend on a proper exercise of the police power by which the enjoyment of property by the individual is interrupted in order to secure safety to the people, else the deprivation is effected without due process of law in violation of Secs. 1 and 12 of the Declaration of Rights of the Constitution of Florida, and the enactment of the law and the enforcement of it constitutes a violation by the State of The Fourteenth Amendment of the Constitution of the United States.
This court dealt with a similar subject in Town of Miami Springs v. Scoville, Fla., 81 So.2d 188, and held unconstitutional an ordinance limiting the size of signs advertising the price of petroleum products to 12 x 12 inches and restricting their location to the dispensing equipment, and restricting signs pricing services to the same dimensions, the latter to be placed not nearer than 15 feet to a public sidewalk. We thought the regulations were an unjustified exercise of police power because not substantially related to public safety, health, morals or general welfare. In the opinion adopted by the court there was a reference to the case of Merritt v. Peters, Fla., 65 So.2d 861, involving outsized signs erected in violation of a zoning regulation. In the latter, we agreed with the appellant-property owner's contention that there was no relationship between the regulation imposed and public health, safety, or morals but we concluded the interference with use of his property was warranted because of the effect upon the public welfare of his disregard of the restriction, it having been enacted to preserve the beauty of the community. We recognized in City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, the principle that in certain communities aesthetics can be so necessary to the public welfare as to warrant regulation of the use of property.
In the instant case this factor is not present and we may eliminate it from further consideration as we may the elements of health and morals.
Much of the respondent's brief is devoted to the purpose of the act to prevent fraud but as we have already seen the petitioner was not charged with any disregard of specifications for numerals denoting prices. However, the respondent blends an argument of this feature with one that obstruction of public streets by the signs of retail gasoline dealers advertising prices of their products is a dangerous practice because the driver's attention is diverted from the business of properly operating his motorcar. The practicality of the argument that any sign, of any size, would not distract a motorist if placed beyond 15 feet of a right-of-way, without regard for location on the inside of a curve, for instance, so that it would obscure oncoming traffic, is difficult for us to comprehend.
The respondent reminds us of the principle that a statute enacted in the exercise of the police power need not apply equally to all persons in the state but only to "all persons similarly circumstanced," citing Atlantic Coast Line R. Co. v. Coachman, 59 Fla. 130, 52 So. 377. True, but it does not follow that because all dealers in retail gasoline are uniformly affected by the law there can be no complaint by any one of them. The thought ignores the basic purpose, that is, the danger to the public of distracting the attention of the driver. If operators of cars were interested only in *21 gasoline there might be some force to the argument but everybody knows, at least everyone who drives, and few do not, that a motorist is concerned with food and refreshment and lodging and innumerable other matters. We cannot accept the view that dealers in gasoline should be singled out and regulated to the extent shown by the act yet dealers in other products attractive to the motorist need not, for the sake of the public, be so hampered.
We conclude there is no reasonable relationship between the restriction affecting the signs described and the safety of the public. The lack of substantial reason to impose the conditions on the one class of retailers specified and on but one type of sign maintained by that class renders the pertinent part of the law invalid. Henderson v. Antonacci, Fla., 62 So.2d 5, cited in Kelly v. Blackburn, Fla., 95 So.2d 260.
The petitioner is discharged.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.