THE PEOPLE v. JOHN HANDLEY.

*Arson—Dwelling-house—Variance—Amendment of information.*

1. The crime of burning a dwelling-house, under our statute, is an offense against the habitation, and not against the fee title; citing *Snyder v. People*, 26 Mich. 106; *People v. Fairchild*, 48 Id. 31.

2. A conviction cannot be sustained under How. Stat. § 9123, for burning the dwelling-house of another, where the proofs show that the person charged in the information to have been the owner never dwelt in or occupied the building.

3. Where a respondent waives a preliminary examination, and is informed against under How. Stat. § 9123, for burning the dwelling-house of another, the information cannot be amended so as to charge him with burning a building other than a dwelling-house, under How. Stat. § 9127.

Exceptions before judgment from Lenawee. (Lane, J.) Argued June 30, 1892. Decided July 28, 1892.

Respondent was convicted of burning the vacant dwelling-house of another. Verdict set aside, and respondent discharged. The facts are stated in the opinion.

*Watts, Bean & Smith,* for respondent.

*A. A. Ellis,* Attorney General, and *Frederick B. Wood,* Prosecuting Attorney, for the people.

MORSE, C. J. The respondent was informed against in the Lenawee circuit court, and charged with having set fire to and burned "a certain brick dwelling house," the property of William Anderson. Section 9123 of Howell's Statutes provides that—

"Every person who shall willfully and maliciously burn, in the night-time, the dwelling-house of another, or shall, in the night-time, willfully and maliciously set fire to any

other building, owned by himself or another, by the burning whereof such dwelling-house shall be burnt in the night-time, shall be punished by imprisonment in the State prison for life" or for a term of years, at the discretion of the court.

The information seems to have been drawn under this statute. After the people had rested their case, the counsel for the respondent moved the court for a direction of acquittal, on the ground that there was a fatal variance between the information and the proofs, in that the evidence showed that the building was not the dwelling-house of William Anderson; that Anderson never lived in the building; that it was the dwelling-house of the defendant, or the dwelling-house of nobody. The prosecuting attorney insisted that a conviction could be had under section 9127 of the statute. The court said that he was impelled to the conclusion that the proofs did not show the burned building to be the dwelling-house of Anderson, as charged in the information. The prosecuting attorney then asked to amend the information by inserting, after the word "certain," and before the word "brick," the word "vacant." This amendment was permitted, against the objection of the respondent. The defendant introduced no proofs. The court instructed the jury that, if they found the building was burned by defendant, and that it was the property of William Anderson, the defendant should be found guilty of the offense charged. The verdict of the jury was against respondent. Judgment and sentence were stayed, and the defendant let to bail to await the issue in this Court.

Before the case went to the jury, the defendant's counsel asked the court to designate in his charge whether the case should be submitted and a conviction asked under section 9123, or under section 9127, of the statutes. The prosecuting attorney objected to any limitation being made. The court said: "Counsel will learn that from the charge about to be given;" but in his instructions failed to comply

with the defendant's request.   It is now contended by the counsel for the people that the original information was good, as it stood, under section 9127; that the use of the words "dwelling house" without a hyphen between the words "dwelling" and "house" did not convey the idea that it was Anderson's dwelling-house in the sense of occupancy; that the addition of the word "vacant" only made the meaning of the original information clearer.   The counsel insist that the case was submitted to the jury, and that the verdict can stand, under section 9127, which reads as follows:

"Every person who shall willfully and maliciously burn, either in the night-time or in the day-time, any banking house, warehouse, store, manufactory, mill, barn, stable, shop, office, out-house, or other building whatsoever of another, other than is mentioned in the third section of this chapter, or any bridge, lock, dam, or flume, or any ship, boat, or vessel of another, lying within the body of any county, shall be punished by imprisonment in the State prison not more than ten years."

We think the original information clearly charged an offense under section 9123.   Under the proofs in the case, the defendant's counsel are right in their contention that, in the sense in which "dwelling-house" is used in the statute, this building was not the dwelling-house of William Anderson.   The adding of the word "vacant" did not better the information under section 9123.   The crime of burning a dwelling-house, under our statute, is an offense against the habitation, and not against the fee title. *Snyder v. People,* 26 Mich. 106; *People v. Fairchild,* 48 Id. 31.   This was not a case of temporary absence of the occupant of the dwelling-house, because Anderson had never dwelt in it.   It had never been his dwelling-house, in the sense of the statute.

There was no examination upon the complaint and warrant in this case, the defendant waiving the same.   He was

bound over to the circuit court, and informed against under section 9123. The information, therefore, could not be amended so as to charge an offense under section 9127, which is a different offense, with a different penalty.

The verdict cannot stand. The defendant was entitled to an acquittal, and must be discharged from custody under the warrant and information in this case. No reason is seen why he cannot be complained against and tried under section 9127, as the result in this case can be no bar to a prosecution for the offense stated in that section.

Verdict set aside, and respondent discharged.

The other Justices concurred.