# CASES DETERMINED

AT THE

# *January Term, 1894.*

---

## THE STATE vs. ATKINSON.

*April 16 — May 1, 1894.*

*Arson: Burning of dwelling house: Variance.*

The burning of a dwelling house, under sec. 4399 or sec. 4400, R. S., and the burning of a building, under sec. 4402, are separate and distinct offenses, neither including the other; and upon an information charging the burning of a building there can be no conviction if it was a dwelling house that was burned.

REPORTED from the Circuit Court for *Dane* County. Arson. Defendant was tried upon an information charging him with feloniously burning "a certain building, to wit, a hotel there situate," etc. The undisputed evidence showed that the building named in the information was at the time of the fire used as an hotel, and continuously occupied by the lessee, his wife and family and help, as a dwelling. At the close of the testimony the defendant moved that a verdict of acquittal be directed, which was refused. A verdict of guilty being rendered, a motion for a new trial was made, because the "evidence wholly fails to prove the offense charged in the information, and proves a different offense, if any." The circuit judge, with the defendant's consent, reports the foregoing facts to this court, and submits for determination two questions: *First.* Should

the motion for a new trial be granted? *Second.* Should the court proceed to pronounce sentence upon the defendant pursuant to sec. 4402, R. S.?

For the plaintiff there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by *Mr. Clancey.* They cited *Clark v. State*, 69 Wis. 203; *Selkirk v. Cobb*, 13 Gray, 313; Anderson, Law Dict. 139; *Comm. v. Smith*, 151 Mass. 491; *Comm. v. Hayden*, 150 id. 332.

For the defendant there were briefs by *Luse & Wait*, and oral argument by *L. K. Luse.* They argued, *inter alia*, that the crimes defined by secs. 4399, 4400, 4401, 4402, were separate and distinct offenses and not different degrees of the same crime, and a description which places an offense under one section necessarily excludes it from the operation of any other section. *Comm. v. Hayden*, 150 Mass. 332; *People v. Handley*, 93 Mich. 46; *Moore v. People*, 47 id. 639; *People v. Calderwood*, 66 id. 92; *People v. Griffin*, 77 id. 585; *Fairchild v. People*, 48 id. 31; *Williams v. State*, 46 Ga. 212; *Bravo v. State*, 20 Tex. App. 188; *Guynes v. State*, 25 id. 584; *Dedieu v. People*, 22 N. Y. 178; *Giskie v. State*, 71 Wis. 612.

WINSLOW, J. The building burned was proven to be a dwelling house, therefore the legal question presented is whether the offense of burning a dwelling house is included within the provisions of sec. 4402, R. S. We are decidedly of the opinion that it is not so included.

Four sections of the Revised Statutes define and prescribe punishment for all felonious burning of buildings, viz., secs. 4399, 4400, 4401, and 4402. They are manifestly intended to complement each other and form an harmonious and consistent code upon the subject. They must be construed together, and attention must be paid to the whole and every part of the law, its subject matter, its

effects and consequences, its reason and spirit, and the apparent intention to be derived from the whole law; and, further, the several provisions must be construed so as to make all parts harmonize if possible. *Harrington v. Smith,* 28 Wis. 43; *Palms v. Shawano Co.* 61 Wis. 211.

Bearing this rule in mind, an examination of the sections above mentioned convinces us that it was never designed that the felonious burning of a dwelling house should be prosecuted and punished under sec. 4402. Secs. 4399 and 4400 are directed specially and exclusively against felonious burnings of dwelling houses. They are manifestly intended to cover all offenses of this nature against the habitation of men, whether in the night time or in the day time. Sec. 4399 covers all burnings of dwelling houses in the night time, and the punishment is fixed at not more than fourteen years' nor less than seven years' imprisonment, except that in case no person was lawfully in the building at the time of the offense the minimum imprisonment may be three years. Sec. 4400 covers all burnings of dwelling houses in the day time, and the burning of any building in the day time by which a dwelling is burned in the night time; and the punishment is fixed at not less than three nor more than ten years' imprisonment. Here the consideration of offenses against the dwelling house or habitation ceases. All such offenses seem to have been considered fully covered, and attention is then turned in sec. 4401 to several classes of buildings or structures which are not dwelling houses, but still are of considerable importance. These classes are: (1) Public buildings, such as churches, court-houses, colleges, jails, etc.; (2) steamboats and vessels; (3) banking houses, stores, warehouses, and factories; (4) barns, shops, or offices within the curtilage of a dwelling house or other building by the burning of which any building named in the section is destroyed. Burnings under this section, if in the night time, are punished by imprison-

The State vs. Atkinson.

ment not less than five nor more than fifteen years, and if in the day time not less than four nor more than eight years. Then comes sec. 4402, which seems very plainly to be in the nature of a catchall to cover cases not previously covered. It provides as follows: "Any person who shall wilfully and maliciously burn, either in the night time or day time, any building whatsoever of another, or of which he is lessee or tenant, other than is mentioned in the last preceding section, or any bridge, lock, dam, or flume, shall be punished by imprisonment in the state prison not more than eight years nor less than four years."

It is argued on behalf of the state that this last-named section covers by its terms "any building whatsoever of another" the burning of which is not punishable under sec. 4401; that a dwelling house is a building, and that its burning is not punishable under sec. 4401, and consequently it is included within the terms of sec. 4402. If this contention be well founded, we have, then, two sections of the statute prescribing different punishments for the same offense. Confusion is at once introduced into the law of arson. In case of the felonious burning of an occupied dwelling house in the night time, it will be practically within the power of the prosecuting officer to say: "Although the statute provides a minimum imprisonment of seven years for such an offense, with a possible fifteen years, I will prosecute under sec. 4402, and thus render it possible that the imprisonment may be four years only, and cannot be more than eight years." Was such a result intended? When the legislature so carefully defined the different kinds of arson as to dwellings and fixed varying punishments therefor, can it be possible that they intended that all such offenses might be prosecuted under another section, which was manifestly framed to cover possible omissions, and which prescribes a different penalty? We cannot think so. The difference between the offenses is

not one of degree, but they are distinct and separate of-
fenses.   It has been repeatedly held under similar statutes
that under an indictment for burning a dwelling house the
proof must show that the building burned was a dwelling
house, and that the defendant could not be convicted of
burning a building not a dwelling house.   *People v. Hand-
ley*, 93 Mich. 46;  *Comm. v. Hayden*, 150 Mass. 332.   The
reason given is that the two offenses are separate and dis-
tinct offenses.   The description of what was burned is
essential to fix the identity of the offense.   The one is an
offense against the habitation and the other against the fee
title.   If the two offenses are different and distinct, and the
description of the building essential to fix the separate
identity of each, it is difficult to see why the converse of
the rule stated in the cases does not apply here.   The in-
formation charges the burning of a building under sec. 4402.
The evidence shows the burning of a dwelling house, which
constitutes a different and distinct offense.   One offense
has been charged, and a different offense proven.   How can
the conviction be maintained?

It was said in *Comm. v. Hayden* that the statutory offense
of burning a dwelling house does not include within itself
the burning of a building which is not a dwelling house.
With equal truth it may be said that the charge of burning
a building does not necessarily include within itself the
offense of burning a dwelling house.   It is not a case of a
higher and lesser offense.   The offense charged in the infor-
mation does not include the elements of the other, nor do
the averments of the information contain any sufficient
charge of the burning of a dwelling house.   *Kilkelly v.
State*, 43 Wis. 604;  *State v. Yanta*, 71 Wis. 669.

An opinion contrary to the view we have taken was ex-
pressed by the supreme court of Massachusetts in *Comm. v.
Smith*, 151 Mass. 491.   Examination of the case shows that
this question was not involved in the case.   The question

there was whether an indictment which alleged the burning of " a certain building, to wit, a house of one Carter," charged the burning of " a dwelling house," under sec. 1 of the Public Statutes, ch. 203, or the burning of a " building," under sec. 4 of that chapter. The statutes are similar to our own, and the court held that the indictment charged only the burning of a building. The court then intimates that an indictment charging the burning of a " building " might be sustained by proof of the burning of a dwelling house, and it is said that it is no defense to an indictment that the facts in proof show that the defendant committed an offense of a higher degree than that charged. The court here seems to have fallen inadvertently into the error that the two offenses differ only in degree, whereas in fact they are separate and distinct, and neither included within the other.

There is authority, as we have seen, from a deservedly eminent court, for the position taken by the state. The question is certainly a delicate one, and one upon which good lawyers might easily differ in opinion; but, after what we believe to be full and mature consideration, we have reached the conclusions hereinabove expressed, and believe them to be sound law. The first question propounded, namely, Should the motion for a new trial be granted? must be answered in the affirmative. This renders it unnecessary to answer the second question.

*By the Court.*—It is so ordered.