PEOPLE v. REED.

1. CRIMINAL LAW—ARSON—DWELLING HOUSE.
   Common-law doctrine that arson was an offense against the habitation rather than the safety of real property and was considered a more serious crime than other unlawful burning is reflected in statutory provisions relating to the crime of burning of a dwelling house, which carries a greater maximum penalty than does the burning of other real property (CL 1948, §§ 750.72, 750.73).

2. SAME—ARSON—DWELLING HOUSE.
   Conviction for burning a dwelling house must be founded upon the burning of a structure that could reasonably be presumed to be a place of human habitation and an unoccupied building must be a structure that could reasonably be presumed to be a place capable of being dwelt in or lived in to qualify as a dwelling house within the meaning of the statute (CL 1948, § 750.72).

3. SAME—ARSON—DWELLING HOUSE.
   Conviction for burning a dwelling house cannot stand where structure burned was unoccupied for several months, in a dilapidated condition, not habitable without renovation, and boarded up to prevent vandalism since it was not reasonable to presume that such a structure was presently capable of being dwelt in or lived in (CL 1948, § 750.72).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arson and Related Offenses § 19 *et seq.*
[3] 5 Am Jur 2d, Arson and Related Offenses § 17.
[4] 5 Am Jur 2d, Arson and Related Offenses § 31,

4. SAME—ARSON—DWELLING HOUSE—JEOPARDY.

> Defendant entitled to acquittal upon reversal of conviction for burning a dwelling house may still be charged with violation of burning other real property since jeopardy on offense of burning a dwelling house does not put defendant in jeopardy upon crime of burning of other real property (CL 1948, §§ 750.72, 750.73).

Appeal from Genesee, Parker (Donn D.), J. Submitted Division 2 February 7, 1968, at Lansing. (Docket No. 3,036.) Decided August 28, 1968.

George Michael Reed was convicted of burning a dwelling house. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller,* Assistant Prosecuting Attorneys, for the people.

*Robert L. Segar,* for defendant.

CORKIN, J. Defendant was convicted of burning a dwelling house; CL 1948, § 750.72 (Stat Ann 1962 Rev § 28.267). It was defendant's contention throughout the trial and now on appeal that the structure burned was not a dwelling house within the meaning of the statute.

The statute under which defendant was convicted provides as follows:

"Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years."

The structure burned was located in a residential district in the city of Flint. In the past the owner had rented the property, but for a period of approximately 1–1/2 years prior to the fire on May 28, 1966 the property was unoccupied.

The evidence and exhibits reveal that the structure was in a dilapidated condition. There was running water in the kitchen but there was no bathroom or washing facilities and the interior was in a poor state of repair. During the period, prior to the fire, when the building was unoccupied a vandalism problem developed and by order of the fire department the building had been boarded up. However, it had not been condemned, because as far as the fire marshal was concerned, although considered uninhabitable, the house could be restored to habitability by making improvements.

Although the owner testified that she was "getting it ready" for her daughter, nothing had been done to restore the property for several months before the fire.

A consideration of all the evidence would lead to the conclusion that the structure in question was a former habitation that could be or was intended to be made habitable in the future, but that at the time of the burning was not habitable. This was a structure that had not been lived in for some months and there was no contemplation of living in it in the future in its present state of repair.

In *People* v. *Losinger* (1951), 331 Mich 490 (44 ALR2d 1449), the Court had occasion to consider the question of whether a structure was or was not a dwelling house within the meaning of the statute in question. In *Losinger* the structure was a hunting and fishing cabin which was stocked and provisioned for immediate use and which was used from time to time by the owner and his guests. It was a structure

habitable in its present condition although occupied intermittently, and the Court determined it to be a dwelling house within the meaning of the statute.

The *Losinger* case is annotated in 44 ALR2d 1456 under the heading "Vacancy or nonoccupancy of building as affecting its character as 'dwelling' as regards arson." In considering the question generally the following statement is made on pp 1457, 1458:

"Whether or not the vacancy or nonoccupancy of a particular building will affect its status as a 'dwelling' in connotations pertaining to the crime of arson depends upon the circumstances giving rise to such vacancy or nonoccupancy. Speaking generally, an unfinished or incomplete building which has not yet been occupied will not be regarded as a 'dwelling' even though designed as a dwelling house and destined to be so used on completion. Conversely, where a building originally used as a dwelling house has been abandoned for such purposes or where such a building has been without a tenant or occupant for a prolonged period, it will not be regarded as a 'dwelling.'"

Section 3 of the annotation citing cases involving unfinished and incomplete structures, and section 5 citing cases involving abandonment and prolonged vacancy substantiate the general statement.

The structure in the present case, although not abandoned, had been unoccupied for several months, was boarded up to prevent ingress or egress and was unfinished in the sense that restorative work would be necessary to make it habitable.

There is general agreement that arson at common law was an offense against the habitation rather than the safety of the property, and was considered a more serious crime than any other unlawful burning because it might result in the destruction of human

life as well as property. This would appear to require that the crime of arson be founded on the burning of a structure that could reasonably be presumed to be a place of human habitation. The burning of any other structure, although unlawful, would be punished less severely.

The common-law doctrine would appear to be reflected in our statutory law. CL 1948, § 750.72 (Stat Ann 1967 Rev § 28.267) relates to the burning of a dwelling house and carries a maximum penalty of 20 years while CL 1948, § 48, § 750.74 (Stat Ann 1962 Rev § 28.268) relates to the burning of other real property and carries a maximum penalty of 10 years. The only substantial difference in the wording of the two statutes, other than penalty provisions, is that the first mentioned statute relates to a dwelling house occupied or unoccupied, rather than other real property.

Unless a structure is actually being dwelt in or lived in, it would seem that if it is unoccupied it would have to be a structure that could reasonably be presumed to be a place capable of being dwelt in or lived in to qualify as a dwelling house within the meaning of the statute.

In the present case the structure was unoccupied for several months, in a dilapidated condition, not habitable without renovation, and boarded up to prevent ingress and egress. It does not seem reasonable to presume that such a structure was presently capable of being dwelt in or lived in.

While the verdict in this case cannot stand and the defendant is entitled to an acquittal, there would appear to be no reason why he could not be charged with a violation of CL 1948, § 750.73 (Stat Ann 1962 Rev § 28.268), as jeopardy on the offense of burning a dwelling house does not place the defendant in jeopardy upon the crime of the burning of other

real property. See *People* v. *Handley* (1892), 93
Mich 46.

Defendant's conviction is reversed.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.