PEOPLE v ANTONELLI

OPINION OF THE COURT

1. CRIMINAL LAW—OFFENSES—LESSER INCLUDED OFFENSES—ELEMENTS
   OF OFFENSE.

   The test to be used in determining whether one offense is a lesser
   included offense of another is: if the greater of two offenses
   includes all the legal and factual elements of the lesser, the
   greater includes the lesser, but if the lesser offense requires the
   inclusion of some necessary element not so included in the
   greater offense, the lesser is not necessarily included in the
   greater.

2. ARSON—BURNING DWELLING HOUSE—BURNING REAL PROPERTY—
   STATUTES—OFFENSES—LESSER INCLUDED OFFENSES.

   Burning a dwelling house and burning any other type of real
   property are separate and distinct offenses; because proof that
   the building in question was not a dwelling house is an element
   of the offense of burning real property other than a dwelling
   house, burning of other real property is not a lesser included
   offense of burning a dwelling house (MCLA 750.72, 750.73).

CONCURRENCE BY M. J. KELLY, J.

3. ARSON—BURNING DWELLING HOUSE—BURNING REAL PROPERTY—
   STATUTES—OFFENSES—LESSER INCLUDED OFFENSES—CASE PREC-
   EDENT.

   *Burning of a dwelling house and burning of any real property
   other than a dwelling house are both offenses against property
   under separate statutes; the burning of real property other
   than a dwelling house cannot, under prior holdings of the
   Michigan Supreme Court, be a lesser included offense of burn-
   ing a dwelling house (MCLA 750.72, 750.73).*

Appeal   from   Recorder's   Court   of   Detroit,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 185, 494.
[2, 3] 5 Am Jur 2d, Arson § 5.

Thomas L. Poindexter, J. Submitted June 17, 1975, at Detroit. (Docket Nos. 16905-07, 18350-52.) Decided October 13, 1975. Leave to appeal applied for.

Samuel T. Antonelli was charged with burning a dwelling house, burning of property to defraud an insurance company, and procuring and counselling another to burn property, and was convicted of burning real property other than a dwelling house. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas F. McGuire,* Assistant Prosecuting Attorney, for the people.

*Metry, Metry & Sanom,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

T. M. BURNS, P. J. Defendant was charged in three separate three-count warrants with the burning of a dwelling house, MCLA 750.72; MSA 28.267, the burning of property in order to defraud an insurance company, MCLA 750.75; MSA 28.270, and procuring and counselling another to burn any property or building, MCLA 750.77; MSA 28.272.

Count 3 in each of the warrants was dismissed at the preliminary examination, and defendant was bound over and tried without a jury on counts 1 and 2 of each warrant. At the close of all proofs, the trial court dismissed count 2 in each of the warrants. As to count 1, the trial court concluded that defendant could not be convicted of that

charge since the dwellings in question were not occupied. Instead, the trial court found defendant guilty of violating MCLA 750.73; MSA 28.268, which prohibits the burning of any other type of real property. In so convicting the defendant, the trial court ruled that a charge under MCLA 750.73; MSA 28.268 is a lesser included offense to the offense with which defendant was charged in the first count of each warrant.

Defendant was subsequently sentenced to three concurrent terms of 2-1/2 to 10 years imprisonment and now appeals as of right. Defendant raises only one issue on appeal, namely, whether the trial court erred reversibly when it found that MCLA 750.73; MSA 28.268 was a lesser included offense to the original charge of burning a dwelling house. Defendant claims that his conviction must be set aside because the crime of which he was convicted was not a lesser included offense of the crime with which he was charged.

In *People v Patskan,* 387 Mich 701, 713; 199 NW2d 458 (1972), our Supreme Court stated the test to be used in determining whether one offense is a lesser included offense of another when it stated:

" 'The general rule is succinctly set forth in 4 Wharton's Criminal Law and Procedure, § 1888, pp 753, 754, wherein it is stated, "If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." ' "

In *State v Atkinson,* 88 Wis 1, 4–5; 58 NW 1034, 1035 (1894), the Court stated:

"When the legislature so carefully defined the different kinds of arson as to dwellings and fixing varying punishments therefor, can it be possible that they intended that all such offenses must be prosecuted under another section, which was manifestly framed to cover possible omissions, and which prescribes a different penalty? We cannot think so. The difference between the offenses is not one of degree, but they are distinct and separate offenses. *It has been repeatedly held under similar statutes that under an indictment for burning a dwelling house the proof must show that the building burned was a dwelling house, and that the defendant could not be convicted of burning a building not a dwelling house. People v Handley, 93 Mich 46; 52 NW 1032 (1892); Commonwealth v Hayden, 150 Mass 332; 23 NE 51 (1889).* The reason given is that the two offenses are separate and distinct offenses. The description of what was burned is essential to fix the identity of the offense. The one is an offense against the habitation and the other against the fee title * * * It was said in *Commonwealth v Hayden* that the statutory offense of burning a dwelling house does not include within itself the burning of a building which is not a dwelling house." (Emphasis added.)

See also, 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1006, pp 1394, 1395, *People v Kelley,* 32 Mich App 126; 150; 188 NW2d 654 (1971), *People v Reed,* 13 Mich App 75; 163 NW2d 704 (1968).

Since the offenses under the statutes in question are separate and distinct, Gillespie, *supra,* the defendant, charged with burning a dwelling house, could not be convicted of burning a building not a dwelling. A violation of MCLA 750.73; MSA 28.268 requires an element not necessarily included in the conduct made criminal by MCLA 750.72; MSA 28.267, namely the fact that the building in question was not a dwelling house. Since an essential element of MCLA 750.73; MSA 28.268 is proof that

the structure burned was not a dwelling house within the meaning of the statute, violation of the section is not a lesser included offense of MCLA 750.72; MSA 28.267, burning a dwelling house.

Therefore, we hold that burning a building not a dwelling is not a lesser included offense of burning a dwelling house. Since the defendant was convicted of a crime for which he was not charged, he was denied due process. *People v Keatts,* 54 Mich App 618, 622; 221 NW2d 455 (1974), *People v Mercer,* 6 Mich App 644; 150 NW2d 183 (1967).

Conviction reversed.

QUINN, J., concurred.

M. J. KELLY, J. *(concurring).* It seems to me that factually, the burning of any type of real property other than a dwelling house, MCLA 750.73; MSA 28.268, would satisfy Wharton's test,[1] and be a lesser included offense of MCLA 750.72; MSA 28.267, the burning of a dwelling house. The bricks and mortar are the same, the only element missing is the habitation element, which it seems to me, is an addition of a positive, to be added to the bricks and mortar. It isn't that the lesser offense requires the inclusion of something that would be to include a negative, *i.e.,* lack of habitation.

The cases cited by the majority clearly show that since 1892 the offenses have been held to be separate and distinct, and for that reason, I also vote to reverse. If the law is to be changed, it must be done by the Supreme Court. The common law crime of arson was the malicious burning of the dwelling house of another. This was a crime against habitation, not against property. In our statute, MCLA 750.72; MSA 28.267, occupancy is

---

[1] 4 Wharton's Criminal Law and Procedure, § 1888, pp 753–754.

eliminated as an element. It is therefore essentially a crime against property and only incidentally a crime against life. At common law, burning one's own dwelling was not arson. These two statutory crimes both being crimes against property, the lesser offense should logically be included in the greater. However it has not been so held in this state's highest Court.

I therefore vote to reverse.