PEOPLE v ANTONELLI (ON REHEARING)

1. Criminal Law—Lesser Included Offenses—Elements.

If the greater of two criminal offenses includes all of the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not included in the greater offense, the lesser is not necessarily included in the greater.

2. Arson—Criminal Law—Included Offenses—Dwellings—Other Buildings—Legislature.

The offense of burning a building which is not a dwelling is a lesser included offense of the crime of burning a building which is a dwelling since the necessary elements to prove either offense are the same, except that to prove the greater it must be shown that the building was a dwelling; to hold otherwise would circumvent the intent of the Legislature.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted June 17, 1975, at Detroit. (Docket Nos. 16905, 16906, 16907, 18350, 18351, 18352.) Decided December 8, 1975.

Samuel T. Antonelli was charged with burning a dwelling house, burning of property to defraud an insurance company, and procuring and counselling another to burn property, and was convicted of burning real property other than a dwelling house. Defendant appealed. Reversed at 64 Mich App 620 (1975). Application for rehearing granted. On rehearing, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 185, 494.

Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Metry, Metry & Sanom,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

### On Rehearing

T. M. BURNS, P. J. This cause is before us once again by way of application for rehearing filed by the plaintiff-appellee. We hereby grant said application and reverse our previous disposition of this appeal. The original opinion is published at 64 Mich App 620; 238 NW2d 363 (1975).

One of the offenses with which defendant was charged was the burning of a dwelling house, MCLA 750.72; MSA 28.267. The trial court concluded that defendant could not be convicted of that charge since the buildings in question were not occupied. The trial court concluded, however, that violation of MCLA 750.73; MSA 28.268 (burning of other real property) was a lesser included offense of the one charged, and the court found defendant guilty of that offense. The only issue on this appeal is whether MCLA 750.73; MSA 28.268 is a lesser included offense of the original charge of burning a dwelling house. In reversing the conviction, we held that the offenses in question are separate and distinct and where one is charged with burning a dwelling house, he cannot be convicted of burning a building which is not a dwelling. We reasoned that prior case law compelled the conclusion that the offense of burning a build-

ing not a dwelling required proof of the element that the building was not a dwelling, which element need not be proven to find a violation of the burning of a dwelling statute. Upon reconsideration of the authority upon which our decision was based, we find that authority to be inapposite to this case, and we affirm defendant's conviction.

Our previous opinion in this case has been correctly characterized as "reverse reasoning". As noted in our opinion, *People v Patskan,* 387 Mich 701, 713; 199 NW2d 458, (1972), sets out the test of a lesser included offense:

> " 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' "

Applying this test to the arson statute, the offense of burning a building not a dwelling would be a lesser included offense of the crime of burning a building which *is* a dwelling. The necessary elements to prove either offense are the same, except to prove the greater it must be shown that the building is a dwelling; to prove the lesser it is not necessary to prove that the building is not a dwelling. To hold otherwise would obviously circumvent the intent of the Legislature in their revision of the arson statutes and would defy reason. MCLA 750.72; MSA 28.267 proscribes the burning of a dwelling and provides for a maximum sentence on conviction of 20 years. MCLA 750.73; MSA 28.268 proscribes the burning "of any building" and puts the maximum sentence at 10 years. The difference between the two is the element of habitation. The placing in danger of human life is

obviously a more serious offense. At common law the building had to be a dwelling in order for arson to have been committed. In making it a crime to burn buildings other than dwellings, the Legislature was simply eliminating the element of habitation.

In our previous opinion in this case, our precedential reliance was misplaced. The rationale in the opinion in *State v Atkinson,* 88 Wis 1; 58 NW 1034, 1035 (1894), was based upon the habitation/fee title distinction which is obsolete under our revised arson and burning statutes.

*People v Kelley,* 32 Mich App 126; 188 NW2d 654 (1971), and *People v Reed,* 13 Mich App 75; 163 NW2d 704 (1968), are not on point. *Kelley* deals with a burning statute not involved in the case at bar. *Reed,* too, concerns an issue not involved here, and where that opinion is relevant, we relied upon *People v Handley,* 93 Mich 46; 52 NW 1032 (1892), which we now consider not to be controlling, having been decided previous to the enactment of our present arson and burning statutes.

Defendant's conviction is affirmed.