## PEOPLE v KEDZIORA

Docket No. 63911. Submitted January 19, 1983, at Detroit.—Decided April 20, 1983.

Defendant, Frank J. Kedziora, was convicted following a jury trial in the Detroit Recorder's Court of burning a dwelling house (arson) and burning of insured property. Defendant appeals alleging that the trial court, Evelyn K. Cooper, J., erred in several respects. *Held:*

1. The Legislature did not intend that the offenses of burning a dwelling house and burning insured property be punished separately where both charges relate to a single act of burning of the same property.

2. The jury necessarily found that the defendant was guilty of arson when it found that he was guilty of burning insured property. The two offenses blended into one.

3. Defendant's constitutional right to be free from double punishment was violated when he suffered two convictions for one offense. A double conviction is double punishment even where the sentencing court imposes concurrent sentences. Defendant's conviction on the higher charge of burning a dwelling house is affirmed and his conviction on the lower charge of burning insured property is vacated.

4. Defendant's failure to object to certain remarks made by the prosecutor during closing argument forecloses appellate review of the issue unless the failure to consider the issue would result in a miscarriage of justice.

5. A prosecutor may not vouch for the credibility of his witnesses nor place the prestige of his office behind them. Here, the prosecutor engaged in neither proscribed activity and did not err in attempting to call the attention of the jury to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 5 Am Jur 2d, Arson and Related Offenses § 31.
　21 Am Jur 2d, Criminal Law §§ 244, 551.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 20, 21.
　73 Am Jur 2d, Statutes §§ 300, 303.
[4] 5 Am Jur 2d, Appeal and Error § 938.
[5, 6] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[6] 75 Am Jur 2d, Trial §§ 305, 306.

fact that the witnesses were honest, using examples taken from their testimony.

Vacated in part and affirmed in part.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS.

The double jeopardy clauses of the Michigan and federal constitutions prohibit multiple punishments for the same offense (US Const, Am V; Const 1963, art 1, § 15).

2. CRIMINAL LAW — DOUBLE JEOPARDY — SINGLE CRIMINAL ACT — SEPARATE OFFENSES.

Two offenses blend together so as to constitute a single criminal act when the proof of one offense results necessarily in proof of the other; this rule applies, however, only when the Legislature did not intend the offenses to be punished separately.

3. ARSON — CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — BURNING A DWELLING — BURNING INSURED PROPERTY.

The Legislature did not intend that the offenses of burning a dwelling house and burning insured property be punished separately where both charges relate to a single act of burning of the same property (MCL 750.72, 750.75; MSA 28.267, 28.270).

4. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS — APPEAL.

A defendant's right to be free from double punishment is violated where the defendant suffers two convictions for one offense; such a conclusion applies even where the sentencing court imposes concurrent sentences for the two convictions since a double conviction is double punishment; the Court of Appeals, in an appeal from two convictions based on one offense, may affirm the conviction based on the higher charge and vacate the conviction based on the lower charge.

5. APPEAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

A defendant's failure to object to remarks made by a prosecutor during closing argument forecloses appellate review of alleged errors in allowing the remarks unless the failure to consider the issue would result in a miscarriage of justice.

6. TRIAL — CRIMINAL LAW — WITNESSES — PROSECUTORIAL COMMENT.

A prosecutor may not vouch for the credibility of his witnesses nor place the prestige of his office behind them; a prosecutor may attempt to call the attention of the jury to the fact that

the witnesses were honest, using examples taken from their testimony.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

*Roman S. Karwowski,* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Defendant was convicted by a jury of burning a dwelling house, MCL 750.72; MSA 28.267 (arson), and burning of insured property, MCL 750.75; MSA 28.270. Sentenced to concurrent terms of 3 to 20 years for the former offense and 3 to 10 years for the latter, defendant appeals as of right.

First, defendant argues that his convictions for both offenses violate the Michigan and federal constitutional prohibitions against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. The double jeopardy clauses prohibit multiple punishments for the same offense. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976). In analyzing whether two offenses of which the defendant stands convicted are the same offense, the Michigan Supreme Court has looked to the facts adduced at trial. *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977); *People v Martin, supra; People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980). Depending on the particular facts of the case, when the proof of one offense results necessarily in proof of the other,

the two offenses blend together so as to constitute a single criminal act. See *People v Stewart (On Rehearing), supra,* p 548. This rule applies, however, only where the Legislature did not intend the offenses to be punished separately. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

The statute defines burning of insured property as follows:

"Any person who shall wilfully burn any building or personal property which shall be at the time insured against loss or damage by fire with intent to injure and defraud the insurer, whether such person be the owner of the property or not, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years." MCL 750.75; MSA 28.270.

Arson is described in the following statutory language:

"Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years." MCL 750.72; MSA 28.267.

We agree with another panel of this Court that the Legislature did not intend these offenses to be punished separately. *People v Hanna,* 85 Mich App 516; 271 NW2d 299 (1978).

We must now decide whether when the jury found that the defendant was guilty of burning insured property it necessarily found that he was guilty of arson. We conclude that it did. On the facts of this case, the insured property set ablaze by defendant was also a dwelling house. See *Peo-*

*ple v Losinger,* 331 Mich 490, 502; 50 NW2d 137 (1951); *People v Foster,* 103 Mich App 311; 302 NW2d 862 (1981), *lv den* 411 Mich 980 (1981); *People v Reed,* 13 Mich App 75, 79; 163 NW2d 704 (1968). Defendant admitted that he lived in the house. Thus, when the jury concluded that the defendant wilfully burned an insured building it concluded necessarily that defendant was guilty of arson. *Cf. People v Jankowski, supra,* p 92. The two offenses blended into one.

Defendant suffered two convictions for one offense. His state constitutional right to be free from double punishment was violated as a result. We adhere to this conclusion even though the sentencing court imposed concurrent sentences. A double conviction is "double punishment":

"The 'double punishment' proscribed for committing one offense includes the conviction and not merely the sentence. The second conviction punishes appellant in several ways, including parole considerations, impeachment at subsequent trials, habitual offender treatment, etc. 'We recognize that even the entry of judgment and the imposition of a suspended sentence of imprisonment is additional punishment.' *Thompson v State,* 259 Ind 587, 592; 290 NE2d 724, 727 (1972)." *People v Martin, supra,* pp 310-311.

Accordingly, we affirm defendant's conviction on the higher charge of burning a dwelling house and vacate defendant's conviction on the lower charge of burning insured property. See *People v Stewart (On Rehearing), supra,* p 550.

Defendant next argues that the admission of oral testimony relating to defendant's insurance coverage of the burned property violated the best evidence rule. This evidence is relevant to only the charge of burning insured property. Because we

have vacated the conviction on that charge on other grounds, we need not decide this issue.

Finally, defendant contends that certain remarks made by the prosecutor during closing argument require reversal. During his closing argument, the prosecutor addressed what he believed to be the defense attorney's attempt to discredit the testimony of two prosecution witnesses. As the prosecutor framed it, the defense's strategy was to show that these witnesses lied in order to secure a reward offered by the insurance company. To this argument, the prosecutor responded:

"[T]hey're not testifying because they wanted that reward, they're testifying because they have a sense of duty and obligation to come forward with the events that they saw. Those events I described to you. But were they really thinking about a reward? If they wanted money, they could tell you that he went in there, he went in the window, I saw him pour the gasoline around, I saw him put a match to this. They didn't tell you that, but they told you exactly what they saw. They don't have any motive to try and lie to you. They're just citizens doing their sense of duty in the sense of obligation to—telling you what they saw to close this case."

Defendant did not object to these remarks and so appellate review is foreclosed unless our failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

Defendant argues that in these remarks the prosecutor vouched for the credibility of his witnesses. A prosecutor may not vouch for the credibility of his witnesses nor place the prestige of his office behind them. *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973); *People v Yearrell,* 101 Mich App 164; 300 NW2d 483 (1980). The prosecutor in

the present case, however, engaged in neither proscribed activity. He merely pointed out to the jury that if the witnesses were lying they would have done a better job of it. The prosecutor only "attempted to call the attention of the jury to the fact that the witnesses were honest, using examples taken from their testimony". *People v Jones,* 60 Mich App 681, 686; 233 NW2d 22 (1975). We find no error in this form of argument.

Vacated in part and affirmed in part.