PEOPLE v EVANS

Docket No. 290833. Submitted May 5, 2010, at Detroit. Decided May 13, 2010, at 9:10 a.m.

Lamar Evans was charged in the Wayne Circuit Court with burning other real property, MCL 750.73. The trial court, Deborah A. Thomas, J., granted defendant's motion for a directed verdict and dismissed the case on the basis that the prosecution had failed to produce evidence to establish that the building burned was not a dwelling house. The prosecution appealed, contending that the trial court erroneously granted defendant's motion for a directed verdict because the prosecution was not required to prove that the burned building was not a dwelling house. The prosecution also contended that principles of double jeopardy do not bar a retrial because the trial court's dismissal of the case did not constitute a directed verdict of acquittal for double jeopardy purposes.

The Court of Appeals *held*:

1. The trial court misperceived the elements of the offense of burning other real property. The crime of burning other real property, MCL 750.73, i.e., property that is not a dwelling house, is a lesser included offense of the crime of burning a dwelling house, MCL 750.72. The necessary elements to prove either offense are the same, except that to prove the greater offense it must be shown that the building is a dwelling house, while to prove the lesser offense it is not necessary to prove that the building is not a dwelling house. The trial court incorrectly determined that proof that the burned building was not a dwelling house is an element of the offense of burning other real property, and erred by directing a verdict.

2. An actual acquittal occurs, for double jeopardy purposes, only when the trial court's action, whatever its form, is a resolution in the defendant's favor, correct or not, of a factual element necessary for a criminal conviction. The directed verdict in this case did not constitute an acquittal for double jeopardy purposes because the trial court failed to address any of the elements that actually must be satisfied to establish the offense of burning other real property. The trial court's ruling did not constitute a resolution of some or all of the factual elements of the offense of burning

other real property and constituted nothing more than a determination that the prosecution had failed to provide sufficient evidence to establish a factor that is not an element of the charged offense, premised on an incorrect legal determination regarding the elements that needed to be established. Double jeopardy principles do not preclude further prosecution of the charged offense.

Reversed and remanded.

1. CRIMINAL LAW — ARSON — BURNING OTHER REAL PROPERTY — BURNING A DWELLING HOUSE.

The crime of burning other real property, i.e., property that is not a dwelling house, is a lesser included offense of the crime of burning a dwelling house; the necessary elements to prove either offense are the same, except that to prove the greater offense it must be shown that the building is a dwelling house, while to prove the lesser offense it is not necessary to prove that the building is not a dwelling house (MCL 750.72, 750.73).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ACQUITTALS.

An acquittal occurs for double jeopardy purposes only when the trial court's action, whatever its form, is a resolution in the defendant's favor, correct or not, of a factual element necessary for a criminal conviction.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*Rose Mary C. Robinson* for defendant.

Before: CAVANAGH, P.J., and O'CONNELL and WILDER, JJ.

O'CONNELL, J. The prosecution appeals as of right the trial court's order granting defendant's motion for a directed verdict and dismissing the case. We reverse and remand.

Defendant was charged with burning other real property. MCL 750.73 provides:

Any person who wilfully or maliciously burns any building or other real property, or the contents thereof, other than those specified in the next preceding section of this chapter, the property of himself or another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years.

MCL 750.72, which concerns burning a dwelling house, provides:

Any person who wilfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by himself or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 20 years.

Defendant was seen carrying a gasoline can and running away from a burning house. An arson investigator testified that he observed burn patterns that indicated that a flammable liquid had been used to ignite the fire. The investigator noted that the home lacked gas, electricity, and water. The homeowner testified that he was in the process of purchasing the home, which needed repairs, and that he and his family had moved some belongings into the home.

At the close of the prosecution's proofs, defendant moved for a directed verdict. Defendant noted that the crime with which he was charged pertained to the burning of property other than a dwelling house and argued that the prosecution had not established that the building that burned was not a dwelling house. Defendant referred the trial court to CJI2d 31.3, Burning Other Real Property, which provided before its amendment in September 2009:

(1) [The defendant is charged with the crime of / You may also consider the lesser charge of] burning a building

or any of its contents. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant burned *[describe property alleged]*. The term "burn" in this case means setting fire to or doing anything that results in the starting of a fire, or helping or persuading someone else to set a fire. If any part of the *[describe property]* is burned, [no matter how small,] that is all that is necessary to count as a burning; the property does not have to be completely destroyed. [The *(describe property)* is not burned if it is merely blackened by smoke, but it is burned if it is charred so that any part of it is destroyed.]

(3) Second, that the property that was burned was a building or any of its contents. [It does not matter whether the defendant owned or used the building.]

(4) Third, that when the defendant burned the building or its contents, [he/she] intended to burn the building or contents or intentionally committed an act that created a very high risk of burning the building or contents and that, while committing the act, the defendant knew of that risk and disregarded it.

[(5) Fourth, that the building was not a dwelling house. A dwelling house is a structure that is actually being lived in or that could reasonably be presumed to be capable of being lived in at the time of the fire. (A business that is located very close to and used in connection with a dwelling may be considered to be a dwelling.)][1]

Defendant sought a directed verdict of acquittal on the ground that the prosecution had failed to produce any evidence to establish that the building that burned was not a dwelling house. The trial court made the following determination on the record, reproduced here in its entirety:

---

[1] A use note indicates that paragraph (5) "should be used when instructing on the crime as a lesser included offense of burning a building."

*The Court*: The Court does not have an option of not reading all of the required elements in a jury instruction, and there are no optional elements in [CJI2d] 31.3. All of them are required. And the instructions are not a guide. They are what is required by law.

Looking at the commentary, it refers to a distinction between [CJI2d] 31.2 and 31.3. [CJI2d] 31.2 is the instruction that is required for burning a dwelling house.

The commentary, speaking of CJI 2nd 31.1 [sic, 31.3], Burning Other Real Property, the commentary: "This offense is similar to the one described in CJI 2nd 31.2, except that an essential element is that the structure burned is not"—which is in italicized writing print—"a dwelling house." And then it cites People v Antonelli, A-n-t-o-n-e-l-l-i, 64 Mich App 620, 238 NW 2nd 363 [1975], and notes that it was reversed on other grounds, and gives the citation as 66 Mich App 138, 238 NW 2nd 551 (1975).

And the commentary goes on to say: "As the Court explained on rehearing, common law arson required that the building be a dwelling. In creating the less serious crime of burning buildings other than dwellings, the legislature simply eliminated the element of habitation. Other real property is all real property not included in MCL 750.72."

And the People in this case have relied on MCL 750.73, which specifically says it cannot be a dwelling.

[*The Prosecutor*]: Judge, could I have a moment to go upstairs and pull the statute and make sure that the statute addressed that. Because my understanding of the law is that it doesn't matter whether it's a dwelling or not, it just has to be a structure. And that's the reason for the—

*The Court*: Other than a house, because the legislature has imposed a higher penalty for one burning a house.

[MCL] 750.73 reads: "Burning of Other Real Property — Any person who willfully or maliciously burns any building or other real property, or the contents thereof, other than those specified in the next preceding section of this chapter, the property of himself or another, shall be guilty of a felony . . . [.]" I won't give the term of punishment.

And it says: "Other than those specified in the next preceding." Isn't preceding before? The next preceding section of this chapter would be [MCL] 750.72.

[MCL] 750.72 is entitled "Burning Dwelling House," and reads: "Any person who willfully or maliciously burns any dwelling house, either occupied or unoccupied, or the contents thereof, whether owned by him or another, or any building within the curtilage of such dwelling house, or the contents thereof, shall be guilty of a felony." I will not read the term of punishment, but it is twice that which is specified in [MCL] 750.73.

So reading the language of [MCL] 750.73, which refers back to [MCL] 750.72, a dwelling house, either occupied or unoccupied, is excluded by law.

*[The Prosecutor]*: Judge, may I have a moment to go upstairs and consult with my supervisors?

*The Court*: You can consult with them when you tell them I've granted the motion.

*[Defense Counsel]*: Thank you, Judge.

*The Court*: As a matter of law.

The testimony was this was a dwelling house, paid for for forty-some-odd thousand dollars. That the folks had moved some stuff into it, even though it doesn't matter.

Motion granted.

On appeal, the prosecution argues that the trial court erroneously granted defendant's motion for a directed verdict because the prosecution was not required to prove that the burned building was not a dwelling house and that the principles of double jeopardy do not bar a retrial because the trial court's dismissal of the case did not constitute a directed verdict of acquittal for double jeopardy purposes. We agree.

We review a trial court's decision on a motion for a directed verdict de novo to determine whether the evidence presented by the prosecution, viewed in a light

most favorable to the prosecution, could persuade a rational fact-finder that the essential elements of the offense were proved beyond a reasonable doubt. *People v Couzens*, 480 Mich 240, 244; 747 NW2d 849 (2008). The applicability of the Double Jeopardy Clause presents a question of law that we review de novo. *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001).

It is undisputed that the trial court misperceived the elements of the offense with which defendant was charged and erred by directing a verdict.[2] In *People v Antonelli (On Rehearing)*, 66 Mich App 138, 140; 238 NW2d 551 (1975), this Court concluded that the crime of burning other real property (i.e., property that is not a dwelling) is a lesser included offense of the crime of burning a dwelling. The *Antonelli* Court noted, "The necessary elements to prove either offense are the same, except to prove the greater it must be shown that the building is a dwelling; to prove the lesser it is not necessary to prove that the building is not a dwelling." *Id.* In this case, the trial court examined CJI2d 31.3 and concluded from the language of paragraph (5) that it must be proved that the building is not a dwelling in order to establish the offense of burning other real property.[3] However, as noted, paragraph (5) is read only when the offense of burning other real property is considered as a lesser included offense of the crime of burning a dwelling. The crime of burning other real property was not charged as a lesser included offense in this case.[4]

---

[2] Even defendant admitted in his brief on appeal that the trial court's directed verdict of acquittal was "technically incorrect."

[3] Interestingly, paragraph (5) was removed from the latest version of this jury instruction, amended in September 2009.

[4] We note that the trial court's stated belief that it was required by law to rely on the Michigan Criminal Jury Instructions to determine the elements of the offense of burning other real property was incorrect. The

The trial court incorrectly determined that proof that the burned building was not a dwelling is an element of the charged offense and directed a verdict of acquittal on the ground that the prosecution had failed to present evidence of that nonelement. Defendant argues that the trial court's order granting a directed verdict, though erroneous, constituted an acquittal for double jeopardy purposes, barring a retrial. We disagree.

The double jeopardy clauses of the United States and Michigan constitutions prevent a defendant from being prosecuted twice for the same offense. US Const, Am V; Const 1963, art 1, § 15. If a trial court directs a verdict of acquittal on a charge, the double jeopardy provisions prohibit further proceedings on that charge. *People v Nix*, 453 Mich 619, 626-627; 556 NW2d 866 (1996). Specifically, "[a] defendant may not be retried after an acquittal that is granted on the basis of insufficient evidence." *People v Mehall*, 454 Mich 1, 5; 557 NW2d 110 (1997). Whether a trial court's decision constitutes a verdict of acquittal depends on ' "whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." ' *Nix*, 453 Mich at

Michigan Criminal Jury Instructions are simply provided as guidance for trial courts for the purpose of instructing a jury. In fact, a trial court is not even required to use the Michigan Criminal Jury Instructions when instructing the jury. In *People v Vaughn*, Justice BRICKLEY explained:

The Michigan Criminal Jury Instructions do not have the official sanction of this Court, and their use is not mandatory but, instead, remains discretionary with the capable trial judges of this state. . . . Trial judges remain free to use all or part of those standardized instructions that they deem proper for adequately instructing a jury, and should not hesitate to modify or disregard a standard instruction when presented with a clear or more accurate instruction. [*People v Vaughn*, 447 Mich 217, 235 n 13; 524 NW2d 217 (1994) (opinion by BRICKLEY, J.), reh den 447 Mich 1202 (1994), repudiated on other grounds *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999) (citations omitted).]

625, quoting *United States v Martin Linen Supply Co*, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977). " 'There is an acquittal and retrial is impermissible when the judge "evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction." ' " *Nix*, 453 Mich at 626, quoting *People v Anderson*, 409 Mich 474, 486; 295 NW2d 482 (1980), quoting *Martin Linen*, 430 US at 572.

In *Nix*, the majority made an additional observation in response to the dissent's concerns that the trial court had improperly determined that the prosecutor had failed to establish that the defendant had a legal duty to aid the murder victim, stating:

> The dissent appears to read the *Martin Linen* standard as if the phrase "correct or not" refers to the factual truth of the prosecution's evidence, a determination completely outside the trial court's purview in a jury trial when considering a defendant's motion for directed verdict. When ruling on a motion for directed verdict, a trial court must, as this trial court did, view the prosecution's evidence in the light most favorable to the prosecution. Accordingly, the trial court cannot make an erroneous factual resolution. The phrase "correct or not" refers to all aspects of the trial court's ultimate legal decision, including even cases where the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense. As discussed below, however, it is not clear that this situation even exists in the case at bar. [*Nix*, 453 Mich at 628.]

Admittedly, the majority's observation indicated that it believed that the Double Jeopardy Clause precludes retrial of a defendant if charges against him are dismissed because the prosecution failed to establish a nonelement of the charged offense. In *People v Howard*, unpublished opinion per curiam of the Court of Appeals, issued December 23, 2003 (Docket No. 240915), p 3 n 2, a panel of this Court discussed the illogic of such a position:

> Statements in *Nix*, albeit arguably dicta, could be read
> to mean that the double jeopardy clause applies to acquit-
> tals resulting from "egregiously erroneous" determina-
> tions that "a particular factor is an element of the charged
> offense." *Nix*, [453 Mich] at 625, 628. Thus a double
> jeopardy bar would prevent retrial of a defendant acquitted
> by a judge who concluded that the offense charged had as
> one of its elements that the moon is made of green cheese
> and that, the prosecutor having failed to prevent [sic] any
> evidence to that effect, a directed verdict was required. To
> state such a result is to show the deficiencies of the rule
> that would even arguably allow it. That rule certainly does
> not assure that the double jeopardy clause operates in a
> manner that, while preventing the retrial of factual issues
> properly determined in favor of a defendant, nonetheless
> allows the public "its valued right to have one complete
> opportunity to vindicate its laws." *Id.* at 642. (J Boyle,
> dissenting).

In addition, we note that the majority in *Nix* recognized
that its interpretation of the phrase "correct or not"
was dicta, acknowledging that it was unclear whether
the situation that concerned the dissent, that dismissal
of the case was premised on the prosecution's failure to
establish a nonelement of an offense, had even oc-
curred.[5] *Nix*, 453 Mich at 628. See also *People v Case*,
220 Mich 379, 382-383; 190 NW 289 (1922) ("It is a
well-settled rule that any statements and comments in
an opinion concerning some rule of law or debated legal
proposition not necessarily involved nor essential to
determination of the case in hand are, however illumi-
nating, but *obiter dicta* and lack the force of an adjudi-
cation.").

---

[5] Instead, the majority in *Nix* noted that "in granting defendant's
motion for directed verdict, the trial judge considered all the factual
evidence proffered by the prosecution and concluded that that factual
evidence, as a matter of law, was insufficient to permit the jury to convict
defendant of the charges brought . . . ." *Nix*, 453 Mich at 628-629.

Yet, coincidentally, the acknowledgement by the majority in *Nix* that this determination was not intrinsic to its holding in *Nix* frees us to consider the discussion by the dissenters in *Nix* concerning the proper application of the Double Jeopardy Clause in such circumstances. The dissent in *Nix* wrote:

> [A] judicial ruling is an acquittal "only when, in terminating the proceeding, the trial court actually resolves in favor of the defendant a factual element *necessary for a criminal conviction." United States v Maker*, 751 F2d 614, 622 (CA 3, 1984), cert den 472 US 1017 (1985) (emphasis added). Thus, as Professor Wright's treatise has construed the Court's jeopardy jurisprudence, "[s]o long as there has not been a finding against the government on any issue of fact required to establish guilt on the correct legal theory, appeal could easily seem appropriate." 15B Wright, Miller & Cooper, Federal Practice & Procedure (2d ed), § 3919.5, p 662.
>
> In *Maker*, the defendants were charged with a single insurance fraud scheme related to two separate automobile accidents. The district court concluded that the statute required advanced planning of the second accident at the time of the first and dismissed the charge during trial on the basis of the insufficiency of the government's evidence to prove one scheme rather than two. Finding this to be an "element of" the government's case, the trial court decided that the government did not have "sufficient evidence" to prove this "element." *Maker* [751 F2d] at 619. While acknowledging that the United States Supreme Court did not provide significant direction on how the test should be applied, *id.* at 622, the United States Court of Appeals for the Third Circuit read *Martin Linen* and its progeny, [*United States v Scott*, 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1978)], to require an acquittal only when the trial court's action, whatever its form, is a resolution in the defendant's favor, correct or not, of "*a factual element necessary for a criminal conviction." Maker* [751 F2d] at 622. (Emphasis added.) As in the case before us, the trial court had dismissed the charge because the government

had not alleged facts sufficient to prove all the legal elements that it believed were necessary to sustain conviction. Likewise, as in the case before us, the court then made what is "at least arguably, a factual determination," that the government could not prove the legal element which the trial court thought necessary for conviction. *Id.* at 623.

The court found that the trial court's arguable factual finding did not "actually determine in [the defendant's] favor any of the essential elements of the crime with which he was charged," because the trial court's legal determination about the elements of the charge was incorrect. *Id.* The court reasoned:

"Our conclusion that an appeal is not barred in this case is consistent with the policies underlying the double jeopardy clause. This is not a case in which a second trial is permitted 'for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' *Burks v United States*, 437 US 1, 11; 98 S Ct 2141, 2149; 57 L Ed 2d 1 (1978). Instead, this is a case in which the district court, as the result of a legal error, determined that the government could not prove a fact that is not necessary to support a conviction. To preclude an appeal in this case would deprive the public of 'its valued right to "one complete opportunity to convict those who have violated its laws." ' *Scott*, [437 US] at 100, quoting *Arizona v Washington*, 434 US 497, 509; 98 S Ct 824, 832; 54 L Ed 2d 717 (1975)." [*Maker*, (751 F2d) at 624.]

The district court had come to two conclusions, one legal and the other apparently factual. Appeal and retrial were not barred, however, because neither was relevant to an essential element of the charge. [*Nix*, 453 Mich at 633-636 (BOYLE, J., dissenting).]

We find the analysis provided by the dissent in *Nix*, and the dissent's reliance on *Maker*, to be persuasive and adopt this position. Accordingly, we conclude that an actual acquittal occurs, for double jeopardy purposes, "only when the trial court's action, whatever its form, is

a resolution in the defendant's favor, correct or not, of a factual element necessary for a criminal conviction." *Id.* at 634-635 (emphasis, citation, and quotation marks omitted).

In this case, we conclude that the trial court's order granting a directed verdict in favor of defendant does not constitute an acquittal for double jeopardy purposes, because the trial court failed to resolve any of the elements that actually must be satisfied to establish the offense of burning other real property. Again, the basis for a trial court's grant of a directed verdict is determined by examining "the substance of the decision . . . ." *Mehall,* 454 Mich at 5. The trial court's written order was a standardized form and indicated only that defendant's motion for a directed verdict of acquittal was granted. However, the trial court's remarks made at the time defendant moved for a directed verdict indicated that it granted a directed verdict because the court erroneously believed that an element of the charged offense of burning other real property is that the property burned was not a dwelling. The trial court then improperly concluded that the prosecution did not present evidence to establish this nonelement and granted defendant's motion for a directed verdict of acquittal as a matter of law. The trial court never addressed any of the *actual* elements of burning other real property when granting the directed verdict, instead basing the directed verdict entirely on a determination that the prosecution had failed to establish a nonelement.

The trial court's ruling did *not* constitute a resolution of some or all of the factual elements of the offense of burning other real property. It was premised, instead, on an error of law: the trial court ordered a directed verdict because it believed that the prosecution was

required to establish that the building in question was not a dwelling, when the applicable statute and relevant caselaw make it quite clear that no such element must be satisfied. The trial court's ruling constituted nothing more than a determination that the prosecution had failed to provide sufficient evidence to establish a factor that is *not* an element of the charged offense, premised on an incorrect legal determination regarding the elements that needed to be established. In fact, no resolution regarding the *actual* elements of the charged offense was even made. The trial court never mentioned any actual element of the charged offense in its discussion of the directed verdict, nor did it discuss any evidence presented by either party except that which, in the court's mind, conclusively established that the burned building was a dwelling. Because the trial court never resolved, or even addressed, a factual element necessary to establish a conviction for burning other real property, and instead based the directed verdict solely on the determination that the prosecution had failed to present any evidence establishing a nonelement of the offense, double jeopardy principles do not preclude further prosecution of the charged offense.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.